HAMILTON *et al.* v. OKLAHOMA TRADING CO. *et al.*

No. 1755.    Opinion Filed May 14, 1912.

(124 Pac. 38.)

**MASTER AND SERVANT—Injuries to Third Persons—Who Are Servants.** Laborers engaged to use their employer's truck and to truck a car load of flour from the sidewalk into a building are servants, and not independent contractors.

(Syllabus by the Court.)

*Error from District Court, Greer County;*
*G. A. Brown, Judge.*

Action by C. P. Hamilton and H. Mathewson against the Oklahoma Trading Company and the El Reno Wholesale Grocery Company. Judgment for defendants, and plaintiffs bring error. Reversed and remanded, with instructions.

*Powers & Powers,* for plaintiffs in error.

*C. C. Wells,* for defendants in error.

DUNN, J. This case presents error from the district court of Greer county. Plaintiffs in error, plaintiffs below, brought their action against defendants, praying damages in the sum of $60, with interest, alleged to have been occasioned through the negligence of defendants' employees or servants in breaking a large plate glass in plaintiffs' building. To this petition defendants filed a general denial, and upon the issues thus joined, a jury being waived, the cause came on for trial before the court, which rendered judgment for defendants. Motion for new trial was filed and overruled and exception allowed, and the cause has been lodged in this court for review.

The findings of fact upon which the trial court rendered judgment were as follows:

"(1) The plaintiffs at the time of the accident were the owners of a store building in Mangum, Greer county, Oklahoma, known as the 'Dixie Store Building.'

"(2) The plaintiffs had leased the east room on the ground floor of said building to the defendant, Oklahoma Trading Company, who was occupying said room as a grocery store, and had leased the west room on the ground floor of said building to one George E. Clark, who was occupying said room as a dry goods store.

"(3) The defendant Oklahoma Trading Company was a concern owned wholly and solely by the defendant El Reno Wholesale Grocery Company, and was under the direct control and management of the El Reno Wholesale Grocery Company.

"(4) The defendant Oklahoma Trading Company received a car load of flour, and was having the same stacked on the outer edge of the sidewalk in front of the room leased by it, and in front of the east half of the room leased by said George E. Clark.

"(5) The manager of the Oklahoma Trading Company, G. E. Baker, made a contract with two colored men, Will Hunter and Jim Johnson, to truck the flour from the sidewalk into the building, and authorized the negroes to use its trucks.

"(6) The defendant Oklahoma Trading Company agreed to pay the negroes $3 to truck the flour from the sidewalk to the store.

"(7) Hunter and Johnson were paid $3 according to contract for trucking the flour in. This was paid solely in consideration of the manual labor in moving said flour. There were no

other specifications in the contract and no other directions given for or during its performance.

"(8) There was a large plate glass window in the east side of the building occupied by the said George E. Clark, which was inserted in a recess about eighteen inches from the property line.

"(9) There was an ordinary table six or seven feet long and about three feet wide situated immediately in front of the glass window and extending into the sidewalk about eighteen inches, on which Clark displayed his clothing.

"(10) The sidewalk between the glass and flour was about ten feet wide.

"(11) Will Hunter, while moving the flour with defendants' trucks, negligently stumbled, lost his balance, fell against the table, and caused the table to break the glass, which at the time of the accident was entirely concealed from view by advertising and display curtains and cloth. There was sufficient room between the flour on the outer edge of the sidewalk and the table in front of the glass for the removal of the flour with perfect safety to the window.

"(12) The city ordinances of Mangum, Okla., authorize merchants receiving goods to stack them in front of buildings, but require removal of said goods within reasonable time.

"(13) The glass was totally destroyed, and plaintiffs were forced to replace said glass at a cost to plaintiffs of sixty ($60) dollars, a reasonable cost.

"(14) Neither the Oklahoma Trading Company, or its agents or servants, received any permission from the plaintiffs or from Clark to stack said flour on the sidewalk, but no objections were made thereto.

## Conclusions of Law.

"(1) The contract G. E. Baker made with Hunter and Johnson made the negroes independent contractors.

"(2) There was not such a duty imposed on the Oklahoma Trading Company to remove said flour at the time of the accident as to impose any liability on it for the damage resulting from the negligence of such independent contractors.

"(3) The plaintiffs take nothing by this action, and that the defendants recover their costs."

A number of errors are assigned and argued at length in the brief of counsel for plaintiffs in error, but from the view which we take of the case the sole question to be considered is whether the contract made by Baker with the two negroes constituted them

independent contractors. As a general rule, the line of demarcation between an independent contractor and a servant is one not clearly drawn by the courts. The question must be determined upon the facts peculiar to each case. *Kniceley v. West Va. Midland R. Co.,* 64 W. Va. 278, 61 S. E. 811, 17 L. R. A. (N. S.) 370. However, in all cases in which the facts were similar to those in the case at bar, the courts have uniformly held that such laborers are servants and not independent contractors. See 1 Thompson on Negligence, sec. 630 *et seq.; O'Neill v. Blase,* 94 Mo. App. 648, 68 S. W. 764; *Brackett v. Lubke,* 4 Allen (Mass.) 138, 81 Am. Dec. 694. See, also, note to case of *City of Richmond v. Sitterding,* 101 Va. 354, 43 S. E. 562, 65 L. R. A. 445, 99 Am. St. Rep. 879, and *Kniceley v. West Va. Midland Ry. Co., supra; Chas. T. Derr Const. Co. v. Gelruth,* 29 Okla. 538, 120 Pac. 253.

The Court of Appeals of Missouri in the case of *O'Neill v. Blase, supra,* stating the facts and commenting upon the case of *Waters v. Fuel Company,* 52 Minn. 474, 55 N. W. 52, 38 Am. St. Rep. 564, said:

"The employee claimed to be an independent contractor was a teamster who delivered coal for defendant at so much per ton. He owned the team and running gear of his wagon, while defendant furnished him the wagon box. The injury complained of occurred from his carelessness in failing to properly close a coal hole on certain premises, where, under the agreement aforesaid, he had delivered coal to a customer of defendant. In a careful review of the law Judge Vanderburg said that, in determining the question whether the relation of the teamster and employer was that of master and servant, it was not material whether the former was 'paid by the load, by the hour, or by the day, for his work.'"

And the case of *Holmes v. Railway Company,* 49 La. Ann. 1465, 22 South. 403, the Missouri Court of Appeals in the case of *O'Neill v. Blase, supra,* reviewed as follows:

"Plaintiff was injured by the carelessness of one Seals, employed by the agent of the defendant company to unload coal cars at $1.50 or $2.50 a car. Seals was not controlled in unloading the cars. At the time of the injury, while thus unloading coal for a brewery on the levee in New Orleans, he carelessly threw a

heavy board from a car and injured plaintiff. The employee owned his shovel, and occasionally employed a hand to help him. The court held that Seals was not an independent contractor, but merely a servant of the railway company. In making that ruling it was said to be immaterial that he was paid by the car for his work. The court further held that persons working by the piece are not necessarily independent contractors. The criterion of responsibility was considered to depend on the nature of the work and the relation of the parties as ascertained by the circumstances of the case."

In the case last above quoted from it is to be noted that the employee owned the shovel with which he unloaded the coal, while in the case at bar the employees used the trucks of the defendants in trucking the flour from the sidewalk into the building. Under all the authorities, it must be held that these employees were simply servants and not independent contractors; hence the cause is reversed and remanded, with instructions to grant plaintiffs a new trial.

HAYES, WILLIAMS, and KANE, JJ., concur; TURNER, C. J., absent and not participating.