## GETMAN-MacDONELL-SUMMERS DRUG CO. v. ACOSTA.

No. 20342. Opinion Filed Feb. 14, 1933.

G. C. Spillers, for plaintiff in error.

Morrie Kirschner, S. F. Goldwyn, W. E. Disney, John Wheeler, and Glenn Alcorn, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Tulsa county. Okla., by Getman-MacDonell-Summers Drug Company, a corporation, hereinafter called defendant, from a judgment in favor of Jesse Acosta, hereinafter called plaintiff, for personal injuries suffered by plaintiff as a result of being struck by a motorcycle driven by Jones, hereinafter called driver, while delivering certain packages for defendant.

Two assignments of error are presented: (1) That the trial court erred in instructing the jury that the driver was an agent or servant of the defendant instead of instructing the jury that he was an independent contractor; (2) the trial court erred in giving instruction No. 10 embodying the doctrine of discovered peril for the reason that there was no evidence to justify the submission of such an issue to the jury.

In discussing the first proposition we find that the contract between the defendant and the driver was oral, but the evidence as to its terms and the practices under it are uncontradicted. Under such a state of facts, this court in the case of C., R. I. & P. Ry. Co. v. Bennett. 36 Okla. 358, 128, P. 705, holds:

"But although the contract may be oral, if there is no dispute as to its terms, or if but one inference can be drawn from the evidence, then the question of whether the relation is that of employer and independent contractor, or that of master and servant, is for the court."

In passing upon this question, we find that the undisputed evidence in this case shows that the defendant owned and operated a drug store located in the business section of Tulsa, Okla., some blocks distant from the residential sections of the city, the distance varying with the direction; most of the delivery business consisted in deliveries to the residential sections in the city; the defendant entered into an oral contract with the driver, Jones, to deliver all of its packages to its customers in the city. Jones, the driver, was required to deliver these packages by his own means; that considering the number of deliveries to be made it was impracticable, if not impossible, to deliver the packages on foot, and that it was necessary to use a motorcycle or automobile. The driver owned and maintained his own motorcycle for the purpose of making such deliveries and the defendant was aware of this fact. It was the duty of the driver to report at the store each day at 9 o'clock a. m., and remain there subject to the directions of defendant as to deliveries until 9 o'clock p. m.; that he performed no other duties for the defendant except that of delivering packages; that in delivering said packages he was subject to the orders of any employee of the defendant and was given instructions by the defendant concerning collections for said packages; in some instances he was advised to hurry deliveries and give certain packages precedence over others. He was free to select the route of travel in making the deliveries ordered by the defendant. He was also permitted to make occasional deliveries for a silk shop adjoining defendant's place of business for which he received extra compensation by the silk shop, but the deliveries so made by him for said silk shop generally did not exceed 6 or 7 a week, whereas the daily deliveries of the defendant averaged 35 to 40 on week days and 75 to 85 on Saturdays and sales days. He received the sum of $25 per week, payable weekly. The driver owned and maintained his motorcycle, paid for all of the gasoline used in connection therewith, and paid for all repairs to the motorcycle. The driver could be discharged at the will of the defendant at any time without notice.

Many authorities are cited by both plaintiff and defendant, but the authorities so cited are in sharp conflict and cannot be reconciled. For that reason we do not at-

tempt to distinguish the particular cases cited.

This court, in the case of Hamilton v. Okla. Trading Co., 33 Okla. 81, 124 P. 38, holds:

"As a general rule the line of demarcation between an independent contractor and a servant is one not clearly drawn by the courts. The question must be determined upon the facts peculiar to each case."

With the above announced rule we agree, and we do not attempt to lay down any particular rule by which an agent or servant can be distinguished from an independent contractor.

Practically all of the authorities, in discussing this question, lay down the general broad rule that in determining whether a person is an agent or an independent contractor, it is necessary to look first to the contract and the practices under it, together with the results to be accomplished. We also find that the following elements are considered in determining whether a party is an agent or an independent contractor: (1) The degree of a control exercised by the employer, or the independence enjoyed by the contractor or agent; (2) whether the party is to be paid by the job or is to receive a certain salary by the day, week or month; (3) whether his employment consists solely in working for his employer; (4) the control that is exercised over him in the method and manner of performing the work; (5) whether the agent uses his own equipment, or whether the equipment, if any, so used, is owned and controlled by the owner; and, (6) the nature of the contract, whether written or oral.

In considering the elements necessary to determine whether or not any one of them, or any set of them, are decisive, we are unable to reach the conclusion that any particular element alone, of those above set out, is decisive, but viewing this case in the light of a former decision of this court, stating that each particular case is to be determined by the facts shown in such case, we feel that the conclusion reached by the trial court and the instruction given by him, to the effect that the said driver was an agent or a servant of said defendant, was not error.

We pass to the second proposition raised by the defendant wherein objection is made to the court's submitting the last clear chance doctrine to the jury by instruction. The defendant says that there was no evidence to show that the driver discovered the plaintiff's peril in time to have avoided the collision, and second it is not shown that he did not exercise reasonable care and prudence to avoid the collision after discovering plaintiff's peril.

The evidence introduced without objection upon this point is conflicting; the driver saying that as he approached First street coming south on Denver street he was coming up an incline of a railway underpass, the crest of which incline ended flush with the north line of the intersection of Denver street with First street, and he did not see the plaintiff or his companion until he reached the crest of the incline; the driver says at that time the plaintiff and his companion had stepped off the west curb of Denver street on the south side of First street and had proceeded three or four steps to the east and after he espied them they continued until they came to about the center of the street where they stopped; he says that when he first saw the plaintiff and his companion he immediately applied the brakes to his motorcycle for the purpose of slowing down or stopping, but when he observed the plaintiff and his companion to stop in the middle of the street, he thereupon released the brakes on his machine and started it for the purpose of passing in front of the plaintiff and his companion, that is, the east, and on the left or wrong side of the street for the driver, whereupon the plaintiff and his companion, instead of standing still, started running for the east curb of the street, and that he applied his brakes and cut sharp to the left or east to avoid the collision, but was unable to do so; the driver said he was traveling at the rate of 20 or 25 miles an hour when he first saw the plaintiff and his companion, but had slowed down to less than that when the collision occurred.

The plaintiff and his companion testified that they had left the west side of Denver street going to the east side, on the south side of the intersection with First street, and were about the middle of Denver street when they observed the driver and his machine to come over the crest of the incline on the north side of First street; that in their judgment he was driving about 45 miles an hour; that he was in about the middle of the street driving south; that there was no traffic before or behind them going north or south on Denver street other than the driver and his machine, that they did not stop, but immediately started running for the east side of Denver street, whereupon the driver cut to the east and his machine struck them about three steps from the east side of Denver street.

Under these circumstances the trial court

did not commit error in determining, as a condition precedent to submitting the issue to the jury, that under all of the circumstances the driver discovered the plaintiff's peril in time to be charged with the last clear chance doctrine. With the evidence as it is, and the court having submitted the issue of the last clear chance doctrine to the jury, we cannot say that the jury's verdict is not sustained by the evidence. There was some evidence to support it and we will not weigh the evidence. Under this evidence the trial court did not err when it instructed the jury on the last clear chance doctrine, even though it was not pleaded by the plaintiff. See C., R. I. & P. Ry. Co. v. Martin, 42 Okla. 353, 141 P. 276, and M., O. & G. Ry. Co. v. Parker, 50 Okla. 491, 151 P. 325.

For the reasons above stated, the judgment of the trial court is affirmed.

SWINDALL, ANDREWS, OSBORN, BUSBY, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and McNEILL, J.. absent.