## BARNSDALL REFINING CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 23904. Opinion Filed April 25, 1933.

John H. Brennan and F. V. Phipps, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Streeter Speakman, for respondents.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission in favor of Richey Kirk against the Barnsdall Refining Company.

The record shows that while engaged in taking up some unused oil pipe, the property of petitioner, a piece of steel struck claimant in the right eye, and resulted in a total loss of the eye. On June 29, 1932, the Commission made an award for temporary total disability, and permanent total disability to the right eye, which award is presented for review.

There is but one issue involved herein, and that is whether or not claimant was an employee of petitioner at the time of the injury.

The record shows that one A. J. Schlosser was division superintendent for the company; that he wrote a letter to R. W. Shannon, superintendent of the plant, known as White Oak Plant, in which he instructed that certain unused pipe be taken up, disjointed, and stored at the plant, and instructed that the work be given to those in the organization who needed it most; that the work was to be paid for at certain prices per joint of pipe, depending upon the size of the pipe. The company was to furnish the necessary tools and the company truck.

The record shows that the superintendent talked to one H. L. McFall, an employee at the plant, who took the letter home and delivered it to his son, Virgil, who was 19 years of age; that an oral agreement was made between Virgil McFall and the superintendent to perform the work outlined in the letter on the terms stipulated therein. It is further shown that some of the pipe was too large for one man to handle conveniently, and that an agreement was made between McFall and claimant, his brother-in-law, to assist him; that claimant conferred with the superintendent, Shannon, who said, in effect, that he had no objection to claimant assisting McFall, but that he would have to look to McFall for his pay. After claimant worked a day and a half, and while they were removing some of the pipe, a splinter of steel struck him in the eye, resulting in the total loss of the eye.

Petitioner contends that Virgil McFall was an independent contractor, and that claimant was an employee of McFall and not of the company. In the case of Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. (2d) 149, it is said:

"This court, in the case of Hamilton v. Oklahoma Trading Co., 33 Okla. 81, 124 P. 38, holds:

" 'As a general rule the line of demarcation between an independent contractor and a servant is one not clearly drawn by the courts. The question must be determined upon the facts peculiar to each case.'

"With the above announced rule we agree, and we do not attempt to lay down any particular rule by which an agent or servant can be distinguished from an independent contractor. Practically all the authorities, in discussing this question, lay down the general broad rule that in determining whether a person is an agent or an independent contractor, it is necessary to look first to the contract and the practices under it, together with the results to be ac-

complished. We also find that the following elements are considered in determining whether a party is an agent or an independent contractor: (1) the degree of control exercised by the employer, or the independence enjoyed by the contractor or agent; (2) whether the party is to be paid by the job or is to receive a certain salary by the day, week or month; (3) whether his employment consists solely in working for his employer; (4) the control that is exercised over him in the method and manner of performing the work; (5) whether the agent uses his own equipment, or whether the equipment, if any, so used, is owned and controlled by the owner; and (6) the nature of the contract, whether written or oral."

In considering the various elements involved in the state of facts presented herein, we must conclude that the finding of the Industrial Commission to the effect that McFall was an employee and not an independent contractor is sustained by competent evidence.

This court has recognized the rule that, under some conditions and circumstances, an employee may contract with another person to assist him in the performance of his duties, and that said person occupies the status of an employee of the employer. See St. L. & S. F. Ry. Co. v. Bagwell, 33 Okla. 189, 124 P. 320; Kali Inla Coal Co. v. Ghinelli, 55 Okla. 289, 155 P. 606.

In the case of Oklahoma City Construction Co. v. Peppard, 43 Okla. 121, 140 P. 1084, it is said:

"Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the persons for whom the work is being performed, from liability, for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract showing that the relation of master and servant did not exist."

In the case of Southland Cotton Oil Co. v. Renshaw, 148 Okla. 107, 299 P. 425, it is said:

"When a company conducts its business in such manner as to suffer appearances to exist and allows its manager and agents to so act as to give one employed to do work in connection with the carrying on of its business, reason to believe that he is employed by the company, and where such one in good faith does so believe, then he has a right to regard the company as his employer and to hold it bound as such. W. T. Howard v. Wabash Truss Hoop Co., 147 Ill. App. 216. * * *"

"The relation of employer and employee under our Workmen's Compensation Act may arise by implied contract, such as by knowledge and acquiescence of the employer in services performed by employee." .

In the instant case, claimant was engaged in labor in connection with the carrying on of the business of petitioner. He was engaged by Virgil McFall, who was not an independent contractor, but merely an employee of the company, with the knowledge, consent and acquiescence of the plant superintendent, whose duty it was to hire and discharge the employees whose work was connected with the plant. The superintendent in turn was acting under authority of a letter received from the division superintendent.

In consideration of these facts, as applied to the previous decisions of this court, we conclude that the finding of the Industrial Commission that claimant was an employee of petitioner, is reasonably supported by competent evidence.

The award is sustained.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and WELCH, JJ., concur. BAYLESS and BUSBY, JJ., absent.