### MATHERLY v. HAMER et al.

No. 24437. Oct. 29, 1935.

J. W. Dean and A. W. Wadlington, for petitioner.

Mac Q. Williamson and Houston W. Reeves, for respondents.

BAYLESS, J. This is an original proceeding brought to review an order of the State Industrial Commission denying the claimant, E. R. Matherly, compensation for an accidental injury, alleged to have occurred while in the employ of J. P. Hamer, hereinafter called Hamer, and the State Highway Commission, hereinafter called Highway Commission.

This cause was commenced before the Industrial Commission by the claimant filing his notice of injury and claim for compensation. In said notice and claim the claimant alleges that he was injured while engaged in removing a certain building off of the right of way of a state highway, and while working as an employee under the directions of Hamer (who was a contractee of the Highway Commission).

Thereafter, Hamer filed his response, denying that the relationship of employer and employee ever existed between claimant and himself, and denying liability for the accident.

The Commission, after having heard the

404

evidence introduced on behalf of claimant, found:

· "That claimant was an independent contractor and that respondents (Hamer and the Highway Commission) are not liable under the Compensation Statutes of Oklahoma."

From this order the claimant appeals and assigns five propositions of error, only one of which needs be discussed here as it is determinative of this appeal:

"That said Industrial Commission erred in holding that claimant was an independent contractor and therefore not entitled to compensation for the injuries complained of."

The facts necessary to determine the relationship existing between the parties herein may be summarized thus: A written contract was entered into between claimant and Hamer, whereby claimant was to move a building back and off of the highway right of way, and upon completion to be paid a stipulated sum therefor, which said contract was signed by claimant as "contractor"; that claimant wrote Hamer a letter in which he referred to "my contract which I made with you" and signed "E. R. Matherly, contractor": claimant testified that after he was injured he sent a man of his own selection to complete the work which was begun by him. The testimony of claimant and two or three of his witnesses was to the effect that Hamer would not let him do the work in his own way, using his own methods, but that Hamer stayed on the job and bossed and directed the work himself.

Claimant in support of his contention says that he contracted with Hamer to move a building back and off of the right of way of State Highway No. 19, for a stipulated sum which, if he could have carried out and done in his own way and in his own manner, would have constituted him a subcontractor or an independent contractor, but contends that Hamer's conduct in bossing the job and not permitting claimant to do the work in his own way, pursuing his own methods, changed his status as an independent contractor, and claimant thereby became the employee and servant of Hamer.

We are of the opinion that the Commission was correct when it found the relationship existing between the parties to be that of contractor and subcontractor or independent contractor. We have examined the contract, which by its clear provisions called for a completed job for a stipulated sum, and claimant's conduct subsequent to making the contract, which we think clearly indicates that claimant considered himself an

independent contractor and not an employee. Therefore, claimant had the right to disregard Hamer's directions and suggestions in fulfilling his part of the contract, if in fact any suggestions were made. Nowhere in the contract or testimony do we find any evidence to the effect that Hamer, at the time the contract was entered into, reserved any power of control over claimant as to the methods to be employed by claimant in accomplishing the result contracted for. In this connection we said in Fox et al. v. Dunning, 124 Okla. 228, 255 P. 582:

"In determining whether the relation between a principal contractor and another engaged in work on the subject-matter of the contract is that of master and servant or an independent contractor, the test is whether the principal contractor reserves the power to control the latter."

See also, Getman-MacDonnell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. (2d) 149; Kaw Boiler Works v. Frymer, 100 Okla. 81. 227 P. 453; and 39 C. J. sec. 1518, pp. 1316-17, note 8.

For the reasons above stated, the order of the Industrial Commission is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.