## DOUBLE-COLA BOTTLING CO. et al. v. SINGLETARY et al.

### No. 28947.   May 31, 1939.

James C. Cheek, for petitioners.

Fred M. Hammer, Major J. Parmenter, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   The petitioners, Double-Cola Bottling Works, employer, and Commercial Standard Insurance Company, insurance carrier, seek to vacate an award entered against them in favor of the respondent Robert A. Singletary on the 8th day of October, 1938, as corrected by order of October 28, 1938.   The petitioner Double-Cola Bottling Works Company, through its owner, E. B. Wilkins, is engaged in the manufacturing of soft drinks.   The respondent is a carpenter and sign painter. It is admitted that the business of the employer is hazardous as defined by sections 13349, 13350, O. S. 1931 (85 Okla. St. Ann. secs. 2, 3).

On the 1st day of June, 1938, respondent was operating a saw in the yard of the Billings Lumber Company in Oklahoma City when he cut his left hand and thus sustained the injury for which the award is made.   The nature and extent of the injury is not in dispute.

The record discloses that on June 1, 1938, E. B. Wilkins, owner and manager of the petitioner Double-Cola Bottling Company, sent the respondent to the lumber yard above mentioned and directed the respondent to purchase the necessary supplies and material to construct a certain sign for a customer of said petitioner. This sign was to be used for display purposes. Some few days before, the petitioner Double-Cola Bottling Company, through the said manager, had directed the respondent to go to the said customer and find out the nature of the sign desired.   Respondent had returned to the office of the petitioner Double-Cola Bottling Company to impart the information necessary to the determination of the nature of the sign, and was in the office on June 1, 1938, when he was directed to go to the said lumber yard. Respondent had reached the lumber yard and was in the process of cutting the lumber when the accident occurred.

The method of the payment was in dispute and it is not clear from the record whether respondent was to be paid by the hour or in a lump sum when the sign was completed.

It is first urged by the petitioners that the respondent was an independent contractor rather than an employee.   In support of this contention we are cited to Ellis & Lewis v. Trimble, 177 Okla. 5, 57 P.2d 244.   While this court has had occasion in numerous decisions to distinguish independent contractors from servants, agents, and employees, it has repeatedly held that where the facts are in dispute the question of whether a workman is an independent contractor or an employee is one for the determination of the State Industrial Commission.   Harley v. Smith, 152 Okla. 56, 3 P.2d 666; Federal Mining & Smelting Co. v. Thomas, 99 Okla. 24, 225 P. 967; Oklahoma Pipe Line Co. v. Lindsey, 113 Okla. 296, 241 P. 1092; Briscoe Construction Co. v. Miller, 184 Okla. 136, 85 P.2d 420.   In Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P.2d 149; Barnsdall Ref. Co. v State Industrial Commission, 163 Okla. 154, 21 P.2d 749, the court referred to six elements to be considered in determining whether a party is an employee or an independent contractor.   Among these are the degree of control exercised by the employer, or the independence enjoyed by the contractor or agent; whether the party is to be paid by the job or is to receive a certain salary by the day, week, or month; the control that is exercised over him in the method and manner of performing the work; and the

nature of the contract, whether written or oral.

Under the rule announced in Getman-MacDonell-Summers Drug Co. v. Acosta, supra, and other authorities of this court, we are of the opinion that there is competent evidence from which the Industrial Commission was warranted in finding that the respondent was an employee.

The second and final proposition presented by the petitioner is that there is no competent evidence on which to base the finding that the average daily wage of the respondent was $4. With this we are inclined to agree. The record does not disclose whether the respondent had worked in the same employment for substantially the whole of a year immediately preceding the date of the injury. There was no evidence introduced to determine the average daily wage or salary of an employee of the same class working substantially the whole of a year in the same or in a similar employment immediately preceding the injury. Under subdivision 1, sec. 13355, O. S. 1931 (85 Okla. St. Ann. sec. 21), if the respondent had worked for substantially the whole of a year immediately preceding the injury, the average annual earnings should be determined by multiplying the average daily wage by 300 as therein provided. If the respondent had not worked for substantially the whole of a year, the average annual earnings should be determined under subdivision 2 of section 13355, supra, by multiplying the average daily wage of one employed for substantially the whole of a year in a similar employment by 300; and if neither of these subdivisions could fairly and reasonably be applied, the annual earning capacity should be determined under subdivision 3 of section 13355, supra.

However, we are of the opinion, and hold, that the cause comes within the rule announced in Maryland Casualty Co. v. Johnson, 134 Okla. 174, 272 P. 833. Therein this court said:

"In view of rules Nos. 16 and 23, promulgated by the State Industrial Commission pursuant to section 7318, C. O. S. 1921, providing that, if respondents file no denial within 10 days after the filing of a claim for compensation, the allegations contained in the claim will be deemed to be admitted, claimant's allegation in his claim that his average daily wage at the time of injury was $6 is sufficient to support an award for $18 per week, in the absence of any evidence at the hearing concerning claimant's average earnings, where respondents appear, offer evidence on other questions at the hearings on the claim, but do not deny, either by pleading or evidence, such allegation in the claim."

This rule has been followed in Cowan v. Watson. 148 Okla. 14, 296 P. 974; R. S. Smith Const. Co. v. Newcomb, 181 Okla. 5, 71 P.2d 1091; Noble Drilling Co. v. Adams, 174 Okla. 104, 49 P.2d 769, and Okmulgee Gas Engine Corp. v. State Industrial Commission, 178 Okla. 407, 63 P.2d 86.

Respondent filed his claim June 11, 1938, and on form 3, provided by the State Industrial Commission, gave his average daily wage as $4. There was no dispute as to the average daily wage by either of the petitioners, other than in connection with the attempt to show that the respondent was not an employee at the date of the accident,

We hold the rule announced in the above authorities should be applied.

The award is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.