DIERKS LUMBER & COAL CO. et al. v. McDANIEL et al.

No. 30028. April 1, 1941.

Rehearing Denied May 6, 1941.

*112 P. 2d. 1082.*

McPherren & Maurer, of Oklahoma City, for petitioners.

Morrison & Bannister, of El Reno, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. This is an original proceeding brought by Dierks Lumber & Coal Company and Lige Angel, hereinafter called petitioners, to review an award made to Harvey Clifford McDaniel, respondent. Respondent filed his first notice of injury and claim for compensation on December 15, 1939, stating that on October 17, 1939, he sustained an accidental injury arising out of and in the course of his employment as a general timber laborer, when a tree fell, striking the respondent and knocking him to the ground, breaking his left leg between the ankle and the knee.

After hearings were conducted the State Industrial Commission entered its order of June 7, 1940, from which an appeal was taken to the full commission. On the 19th day of August, 1940, the full commission entered its order approving the award made June 7, 1940.

This proceeding was commenced to review the latter order. The order of June 7, 1940, found that Lige Angel was an independent contractor for the Dierks Lumber & Coal Company, and that Lige Angel failed and neglected to comply with the Workmen's Compensation Law, section 13351, O. S. 1931, 85 Okla. St. Ann. § 11, as to furnishing compensation for respondent. An award was entered against Lige Angel primarily and a secondary liability was imposed against the Dierks Lumber & Coal Company. The award was for $125.33 for 15 weeks' and four days' temporary total disability to the left foot.

Three propositions are presented by the petitioners jointly. They all allege in substance that respondent was an independent contractor for Lige Angel, and that Lige Angel was an independent contractor for the Dierks Lumber & Coal Company, and that, therefore, the State Industrial Commission erred in entering an award against either Lige Angel or Dierks Lumber & Coal Company.

If the respondent was an independent contractor, the award was improperly made in all respects.

The question of whether, in fact, there exists the relationship of independent contractor is a question that depends upon the facts in each case. There is no set rule to use as a guide in determining this relationship. To answer this proposition in this case it will be necessary to examine the facts determinative of the relationship existing between the parties hereunder carefully and in detail. Lige Angel contracted to cut a certain tract of timber for the Dierks Lumber & Coal Company, and to deliver the logs to the town of Pine Valley. Ecka Stowe, who had been cutting timber for Angel for two or three years, went to see Angel with reference to a job cutting timber. Cutting timber requires two men with a limited number of simple tools. At the time Stowe contacted Angel he did not have what timber cutters term a "buddy," or partner, to work with him. A day or two thereafter the respondent, McDaniel, approached Angel, seeking a job cutting timber and was advised by Angel that Stowe might need a "buddy," or partner, and for him to return the next day. Upon his return Stowe was with Angel. The respondent and Stowe agreed to work together and Angel hired both of them to cut timber. Angel agreed to pay them $1 per thousand feet of timber cut by them, and they agreed to furnish their own tools. They were to be paid every two weeks, each to receive 50c per thousand feet cut. Respondent, McDaniel, and Stowe did not agree to completely cut any particular tract of timber, nor did they agree to cut any specific amount. They were not required to go to work at any particular time nor work a specified number of hours. Either one or both of them could quit at any time, and be under no further obligation to Angel. Angel could fire either one or both at any time and could hire as many additional men as he determined necessary and put them to work on the same tract. Angel did hire two other men to cut timber on the particular tract on which respondent and Stowe were cutting. Angel instructed the respondent, McDaniel, and Stowe where to begin cutting. He told them to cut a swathe in a certain direction from the starting point; he told them to cut clean and to work in such a manner as to facilitate the skidding, loading, and hauling of the timber. McDaniel and Stowe were to cut only pine trees of a certain size, leaving the stumps only of a certain height, and cut the logs in specified lengths. The entire contract of employment was oral.

"An independent contractor is one who exercises an independent employment, contracts to do a piece of work, according to his own methods, and without being subject to the control of his employer, except as to the result of the work." Federal Mining & Smelting Co. et al. v. Thomas et al., 99 Okla. 24, 225 P. 967.

See, also, Drumright Gas Engine Co. v. Sherrill, 173 Okla. 147, 46 P. 2d 921; Evans v. State Industrial Comm., 161 Okla. 288, 18 P. 2d 885; Kehrer et al. v. State Industrial Comm. et al., 365 Ill. 378, 6 N. E. 2d 635; Southern Construction Co. v. State Industrial Comm., 112 Okla. 248, 240 P. 613; Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149.

In the case of Getman-MacDonell-Summers Drug Co. v. Acosta, supra, this court said:

"This court in the case of Hamilton et al. v. Oklahoma Trading Co., 33 Okla. 81, 124 P. 38, 39, holds: 'As a general rule, the line of demarcation between an independent contractor and a servant is one not clearly drawn by the courts. The question must be determined upon the facts peculiar to each case.'

"With the above-announced rule we agree, and we do not attempt to lay down any particular rule by which an agent

or servant can be distinguished from an independent contractor.

"Practically all of the authorities, in discussing this question, lay down the general broad rule that, in determining whether a person is an agent or an independent contractor, it is necessary to look first to the contract and the practices under it, together with the results to be accomplished. We also find that the following elements are considered in determining whether a party is an agent or an independent contractor: (1) The degree of control exercised by the employer, or the independence enjoyed by the contractor or agent; (2) whether the party is to be paid by the job or is to receive a certain salary by the day, week, or month; (3) whether his employment consists solely in working for his employer; (4) the control that is exercised over him in the method and manner of performing the work; (5) whether the agent uses his own equipment, or whether the equipment, if any, so used, is owned and controlled by the owner; and (6) the nature of the contract, whether written or oral."

See, also, Barnsdall Refining Co. v. State Industrial Commission, 163 Okla. 154, 21 P. 2d 749.

As to the "degree of control exercised by the employer or the independence enjoyed by the contractor or agent," it will be noted that the only independence enjoyed by the respondent was that he was permitted to select his own working hours. He could quit or be fired at any time. As to "whether the party is to be paid by the job or receive a certain salary by the day, week or month," attention is called to the fact that the respondent was to be paid every two weeks at the rate of 50c per thousand feet of logs cut. Each employee was settled with individually. In Newblock et al. v. Casey et al., 185 Okla. 515, 95 P. 2d 106, we said:

"One who associates himself with others under an agreement for performance of a particular piece of work for an agreed wage is an 'employee,' within Workmen's Compensation Act, of the person having the work executed. 85 Okla. St. Ann., § 3, subd. 4."

As to "whether his employment consists solely in working for his employer," the conclusion is inescapable. The evidence of this case is that respondent was working only for Lige Angel, the admitted independent contractor. The independent contractor, Lige Angel, gave complete and specified instructions as to "the method and manner of performing the work." It is obvious, in view of the nature of the work to be performed, and the specific instructions given by Lige Angel, that supervision was not necessary. The fact, therefore, that no one representing Lige Angel, the independent contractor, was in actual supervision of this simple work would not be indicative of the existence of an independent contractor relationship. See Drumright Gas Engine Co. v. Sherrill, supra.

The only tools used in cutting timber, apparently, from the record, are very simple tools. They were, in fact, furnished by the respondent. The fact that the respondent furnished the simple tools involved in the operation of cutting timber and that he did not have to work according to fixed hours are the only indications of an independent contractor relationship in this case between the respondent and Lige Angel or the Dierks Lumber & Coal Company. The evidence is overwhelming to the effect that the ordinary and usual employment relationship existed. In considering the state of facts involved and presented herein, we must conclude that the finding of the State Industrial Commission that the respondent, McDaniel, was not an independent contractor, but on the contrary an employee, was inescapable, and we must, therefore, conclude that the finding of the State Industrial Commission in this respect must be sustained. It is admitted that Lige Angel, the employer of the respondent, was an independent contractor and that he did not provide compensation insurance. It follows, therefore, that the Dierks Lumber & Coal Company, being engaged in a business

covered by the Workmen's Compensation Act, and not having required its independent contractor to provide compensation insurance, is secondarily liable for such injuries as the respondent sustained by reason of the accident in question.

The award is sustained.

CORN, V. C. J., and BAYLESS, GIBSON, and HURST, JJ., concur.