CITIES SERVICE OIL CO. v. POWERS et al.

No. 30262. Nov. 12, 1941.

*119 P. 2d 81.*

A. M. Ebright, Hayes McCoy, and L. L. Corn, all of Bartlesville, for petitioner.

Fred M. Hammer and Major J. Parmenter, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the petitioner, Cities Service Oil Company, to vacate an award made to Augustus Leander Powers, respondent, and the sole issue presented for review is whether the respondent was an employee at the time he was injured or an independent contractor.

The record discloses that respondent was injured when he mashed his finger while unloading a car of lubricating oil and grease and storing the same in petitioner's warehouse. Respondent had been employed on at least two other occasions to do this particular kind of work and was not regularly employed by the petitioner. The superintendent testified that respondent was paid 40 cents per hour for his work and at the end of the work was required to sign a contract stating that he was an independent contractor doing work in his own way. The superintendent further stated that all extra laborers, meaning those not on the regular pay roll, were required to sign such contract before receiving payment; that it was much easier to tell after the work was done what was a fair basis for the contract. We are of the opinion, and hold, that the facts in the case at bar were in dispute, and under the rule announced by this court in Barnsdall Ref. Co. v. State Industrial Commission, 163 Okla. 154, 21 P. 2d 749; Liebmann Ice Co. v. Moore, 186 Okla. 216, 97 P. 2d 37; and Double-Cola Bottling Co. v. Singletary, 185 Okla. 242, 91 P. 2d 77, there was competent evidence from which the State Industrial Commission was authorized to find that the respondent was an employee. See, also, Harris Meat & Produce Co. v. Brown, 177 Okla. 317, 59

P. 2d 280, and Barnsdall Ref. Co. v. State Industrial Commission, supra.

The labor to be performed was manual labor of the nature and kind ordinarily performed by day laborers supervised and controlled by the master. See Hamilton v. Oklahoma Trading Co., 33 Okla. 81, 124 Pac. 38.

The above authorities contain a complete review of the rule to be applied in determining whether an individual is in fact an independent contractor or an employee in line with the principles announced in Ellis & Lewis v. Trimble, 177 Okla. 5, 57 P. 2d 244, and Getman-MacDonnell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149, and we will not attempt to review all of the prior decisions; it is sufficient to state in this connection that the evidence before the commission was in conflict, and we hold the finding that respondent was an employee is sustained by sufficient evidence.

This being the sole issue presented in the proceeding, the award is sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.