YELLOW CAB CO. et al. v. WILLS et al.

No. 32455.    Oct. 14, 1947.

*185 P. 2d 689.*

Goodson & White, of Oklahoma City, for petitioners.

C. W. Schwoerke, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original petition filed by Yellow Cab Company and-or Y & Y Operating Company, to review an award made by the State Industrial Commission to Hubert Wills for total temporary disability and partial permanent disability.

Undisputed facts are that Wills was the owner of his own car, which he operated as a taxicab under a contract between the Cab Company on the one hand, and the Taxi Cab Drivers' Union, as the agent or representative of the drivers, on the other hand; that on December 30, 1944, at 11:30 p.m., Wills was injured in a fight with an intoxicated passenger while operating his cab under such contract. The Company does not question the extent of his disability or the amount of the award.

The first contention made by the Company is that Wills was not an employee, but was an independent contractor. This being a jurisdictional question the finding of the Industrial Commission that he was an employee is not conclusive on this court. Williams v. Branum, 192 Okla. 129, 134 P. 2d 352.

Examination of the operating agreement between the parties, which agreement is set forth in full in the record, discloses that claimant as the owner of his own car, while operating it as one of the Company's fleet of cabs, was required to choose the shift on which he would work and to remain on that shift for at least 90 days; that he must begin work and quit work at certain hours; that he could not buy his gasoline from anyone but the Company; that he could not replace his car without permission of the Company; that he was required to telephone the Company dispatcher every two hours, and take calls as directed by such dispatcher, except that he was not required to take calls where no proper address was given; that he was required to leave his cab in the Company garage at night; that he was entitled to a leave of absence once a year, but if he desired to take that leave at a time when at least 25 per cent of the Company's drivers were already on leave, the Company could refuse to grant it, and that the Company could discharge or suspend him for cause.

The Company relies on Getman-Mc-Donnell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149; Williams v. Branum, supra; Oklahoma Publishing Co. v. Greenlee, 150 Okla. 69, 300 P. 684; World Publishing Co. v. Smith, 195 Okla. 691, 161 P. 2d 861, and similar cases. These cases announce the rule that where the claimant does his work by his own methods, and without any control or supervision by the employer, to whom he is responsible only for the result, he is an independent contractor and not an employee. The right of the employer to control or direct the work is the decisive test. Atlas Life Ins. Co. of Tulsa v. Foraker, 196 Okla. 389, 165 P. 2d 323; Modern Motors v. Elkins, 189 Okla. 134, 113 P. 2d 969.

In the cases relied upon by petitioner the right of the employer to control the work, if he had such right, extended only to matters such as the place at which trucks were to be loaded or unloaded, or to some similar minor detail, leaving the employee free to do the work in any manner he chose. In the instant case the right of the claimant to do the work in his own way was in the respects above specified, and in other respects, subject to the control of the Company, there being no substantial distinction between the operation by claimant of his own car as one of the Company's fleet of cabs, and the operation of a Company owned car by one of its drivers. A careful study of the contract, and consideration of the rights and obligations of the parties under it, convinces us that the status of claimant and petitioner was that of employer and employee, and that the contention of petitioner that claimant was an independent contractor may not be sustained.

Petitioner next contends that the injury sustained by claimant did not arise out of his employment but was received in the course of an argument after all the passengers had been discharged from his taxicab..

From the evidence it appears that the passengers were three in number, one man and two women. The man admitted that he had been drinking. They entered claimant's cab at a night club while he was engaged in telephoning the Company dispatcher, and after he had started to take them down town some question arose as to where they would go and what the fare would be. While the testimony is conflicting, all the witnesses agreed that as a result of the argument claimant took them back to the night club and there attempted to unload them, and in the course of such unloading engaged in a fight with the man passenger and received the injuries complained of. While the stories of the witnesses differ somewhat, the evidence was sufficient to warrant the Industrial Commission in finding that claimant was engaged in the performance of his duties as a driver for petitioner when the injuries were received. The facts disclosed by the evidence distinguished the case from Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P. 2d 163; and Oklahoma Railway Co. v. Carlton, 175 Okla. 426, 52 P. 2d 1039, relied upon by petitioner.

What we have said above also disposes of the contention that claimant's injury was occasioned by his willful intention to bring injury to himself or another, and the contention that the injury was the result of claimant's own intoxication. As above stated, there was some conflict in the evidence as to just how the injury was inflicted upon claimant, but in our judgment the evidence is sufficient to sustain the award.

The evidence that the injury was due to claimant's own intoxication is slight, the witnesses basing their claim that he was intoxicated upon the way he acted, but admitting they could smell no liquor on his breath. The evidence wholly fails to show any act on the part of the claimant which would indicate that he was intoxicated, and his account of the altercation between the parties preceding the injury negatives intoxication on his part, although he did not specifically testify to his sobriety. The witnesses all testified before the commission, and we are unable to agree that there was no competent evidence that claimant was sober at the time he received his injury. Even if it be admitted that claimant was intoxicated at the time, there is no evidence that the injury received resulted from such intoxication. The commission was justified in believing that they resulted from the intoxication of his male passenger.

Petitioner's last contention is that the injury was the result of claimant's own act in violating the law by attempting to charge a greater rate for the transportation of passengers than the rate posted with the city of Oklahoma City.

Since we held in Y & Y Cab Service v. Oklahoma City, 167 Okla. 134, 28 P. 2d 551, that taxicab fares could not be fixed by the city, and since the evidence does not show that the altercation in which claimant was injured was due wholly to the charging of an excessive fare, but was due in part to the indecision of his passengers as to the point of destination, this contention may not be sustained.

Award affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.