Joe **BUTLER**, doing business as Joe Butler Trucking Company, Petitioner,

v.

Jess Willard **WALLACE**, and the State Industrial Commission, Respondents.

No. 37588.

Supreme Court of Oklahoma.

Oct. 22, 1957.

Leonard G. Geb, Ponca City, for petitioner.

Lowell Doggett, Ponca City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On the 19th day of April, 1955, Jess Willard Wallace, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on the 20th day of April, 1954, while driving a truck for Joe Butler, doing business as Joe Butler Trucking Company, he sustained an accidental injury arising out of and in the course of his employment. An award was made for temporary total disability and for fifteen per cent disability to claimant's right arm. This proceeding is brought to review the award. There was no insurance carrier.

Petitioner first argues that the claimant is an independent contractor. The record discloses petitioner is in the trucking business at Newkirk, Oklahoma. He operates not less than five trucks. Claimant obtained one of the trucks owned and operated by petitioner and after a phone call by petitioner to a freight company in Tulsa, claimant went to the place of business of the freight company in Tulsa and loaded the truck with packaged oil and barrelled oil for delivery to St. Louis, Missouri. Between Keystone and Cleveland, Oklahoma, the truck collided with a vehicle driven by another party. The evidence discloses that claimant was to receive a per cent of the freight charged by petitioner for the hauling, as his remuneration for the trip. Petitioner carried public liability and property damage insurance on the truck, paid for the license tag, paid for the oil and gas used in the truck and for tires and repairs, when necessary. It is stated that petitioner had the right to employ and discharge claimant at will, commonly referred to as the right to "hire and fire." Claimant did not carry freight for any other person or concern. The shop foreman testified that after claimant had his wreck he was put to work repairing one of petitioner's trucks.

In Double-Cola Bottling Co. v. Singletary, 185 Okl. 242, 91 P.2d 77, 78, it is stated:

"* * * In Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okl. 77, 19 P.2d 149; Barnsdall Refining Co. v. State Industrial Commission, 163 Okl. 154, 21 P.2d 749, the court referred to six elements to be considered in determining whether a party is an employee or an independent contractor. Among these are the degree of control exercised by the employer, or the independence enjoyed by the contractor or agent; whether the party is to be paid by the job or is to receive a certain salary by the day, week or month; the control that is exercised over him in the method and manner of performing the work; and the nature of the contract, whether written or oral."

In State Highway Comm. v. Brewer, 196 Okl. 437, 165 P.2d 612, 614, it is stated:

"In determining whether the relation between a principal contractor and another engaged in work on the subject matter of the contract is that of master and servant or an independent contractor, the test is whether the principal contractor reserves the power to control the latter. Matherly v. Hamer, 174 Okl. 403, 50 P.2d 619; Fox v. Dunning, 124 Okl. 228, 255 P. 582; Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okl. 77, 19 P.2d 149; Kaw

Boiler Works v. Frymyer, 100 Okl. 81, 227 P. 453, and 39 C.J. § 1518, page 1316–17, note 8."

In Harris Meat & Produce Co. v. Brown, 177 Okl. 317, 59 P.2d 280, it is noted that the claimant was engaged solely in work for the employer and did not do work generally for others. In State Highway Comm. v. Gaston, 185 Okl. 540, 94 P.2d 915, it is stated the right to discharge is a strong indication tending to show the relationship of employer and employee. Other cases applying are: Liebmann Ice Co. v. Moore, 186 Okl. 216, 97 P.2d 37; Campbell v. Elledge, 184 Okl. 147, 85 P.2d 412; Cities Service Oil Co. v. Powers, 189 Okl. 600, 119 P.2d 81; Yellow Cab Co. v. Wills, 199 Okl. 272, 185 P.2d 689. The evidence discloses that petitioner at all times had the right of control of claimant in his use of the truck. The State Industrial Commission did not err in finding that claimant was an employee and not an independent contractor.

It is next argued there is no competent evidence reasonably tending to support the finding that claimant has any disability due to the accidental injury of April 20, 1954. The evidence is in irreconcilable conflict. Claimant's disability was such as to require that it be established by medical expert witnesses; and if there is any competent evidence of such witnesses reasonably tending to support the finding of the State Industrial Commission the award based thereon will not be disturbed on review. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; 1800 Restaurant, Inc., v. Gossett, Okl., 287 P.2d 897. In the latter case we said:

"The cause and extent of a disability resulting from an accidental injury are questions of fact and if there is any competent evidence reasonably tending to support the findings of the State Industrial Commission an award based thereon will not be disturbed on review."

Medical expert witnesses for claimant stated that he has a permanent disability to his right arm by reason of the accidental injury of April 20, 1954, and there is competent evidence reasonably tending to support the finding of the State Industrial Commission in this respect.

Award sustained.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.