FULLER WHITE CHEVROLET COMPANY, a corporation, and Hartford Accident and Indemnity Company, a corporation, Petitioners,

v.

Ramona A. GRAHAM and the State Industrial Court, Respondents.

No. 38885.

Supreme Court of Oklahoma.

Aug. 2, 1960.

Rehearing Denied Sept. 27, 1960.

558

James Wm. Brown, A. D. Mason, Tulsa, for petitioners.

Dennis J. Downing, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Ramona A. Graham, hereinafter called claimant, filed her first notice of injury and claim for compensation stating that while employed by Fuller White Chevrolet Company she sustained an accidental injury arising out of and in the course of her employment on January 27, 1959. The State Industrial Court entered an award for temporary total disability, not to exceed 300 weeks, together with medical expenses. This proceeding is brought by the employer and its insurance carrier, Hartford Accident and Indemnity Company, a corporation, to review the award.

The record discloses that claimant and her husband were driving Chevrolet trucks owned by the employer for delivery to Halliburton Oil Well Cementing Company at Borger, Texas. They were not regular.

employees. Claimant was paid ten cents per mile and her husband was paid ten cents per mile, the payment being described as ten cents per mile per unit. The computed distance for this trip was 388 miles. When claimant reached a point approximately nine miles west of El Reno, Oklahoma, on the way to Borger, Texas, she sustained an accidental injury in an automobile collision.

Robert Graham, husband of claimant, testified that for a year or two he had been delivering vehicles for Fuller-White Chevrolet Company; that he had delivered a Chevrolet truck to Halliburton Oil Well Cementing Company at Liberal, Kansas, on the 26th day of January, 1959, and on his return Clyde Bayer, the fleet sales manager for Fuller-White Chevrolet Company, asked him and his wife to deliver two trucks to Halliburton Oil Well Cementing Company at Borger, Texas; that he and his wife started on this trip to Borger at approximately 11 A.M., January 27, 1959. His testimony in part is as follows:

"He told me as quick as I got back from Liberal, he wanted my wife and me to take two trucks out to Borger, Texas.

"You left, I believe, on the 27th day of January, 1959, for Borger, Texas?

"About 11:00 o'clock in the morning.

"Did your wife go down to Fuller White Company with you?

"Yes, sir, when I got in from Liberal, I had a flat on the old truck coming back from Liberal, and I had to spend all night on the road and didn't get in here until 9:00 o'clock the next morning, and took the old pieces of equipment up to Mr. Bayer. He said he had promised delivery that day to those units in Borger, and I would have to make a fast trip out there; and he told me the number of the two trucks that were to go, and to go on the roof and get one of them and drive it out to the house and take a bath and change clothes and shave and get

my wife and come on down, and pick up the other truck."

He further testified that he took a form of delivery prepared by Fuller White Chevrolet Company to be signed by the garage superintendent of Halliburton Oil Well Cementing Company; that he always brought back a used vehicle as a trade-in. When he returned he was supposed to check the equipment and make notations on another form as to the condition of the equipment when received, its condition during travel and at the end of the trip. A like method was to be pursued by the claimant; that his standing directions were to take the shortest route and not to use any gravel roads; not to drive any new truck over fifty miles per hour for the first hundred miles; to watch the heat gauge and gauge the speed accordingly; and when he got in the town of delivery to check the oil and if it was at all low fill to the correct level and turn the ticket for the oil to the Fuller Chevrolet Company.

▮▮▮ Petitioners first argue that claimant was an independent contractor and not an employee. We do not agree. The cases applicable are: Yellow Cab Co. v. Wills, 199 Okl. 272, 185 P.2d 689; Cities Service Oil Co. v. Powers, 189 Okl. 600, 119 P.2d 81; Dierks Lumber and Coal Co. v. McDaniel, 188 Okl. 695, 112 P.2d 1082. Claimant was hired by the employer to deliver a truck owned by the employer. The evidence discloses without substantial dispute that the relation of employer and employee existed. In Cities Service Oil Co. v. Powers, supra, it is stated:

"The question of whether one is an independent contractor or employee must be determined by the facts peculiar to each case. Barnsdall Refining Co. v. State Industrial Commission, 163 Okl. 154, 21 P.2d 749."

In the case of Yellow Cab Co. v. Wills, supra, it is stated:

"In determining whether an agent is an employee or an independent contractor, the controlling or decisive

test is whether the principal has the right to control the physical details of the work to be done by the agent, or whether the latter represents the former only as to the result to be accomplished."

We have examined the cases cited by petitioners including Denton v. Young, 203 Okl. 688, 226 P.2d 406; and Nichols v. State Industrial Commission, 207 Okl. 167, 248 P.2d 616. These cases are not in point. The chief argument of petitioners is that because claimant was paid ten cents per mile this feature is controlling in determining whether there was the relation of employer and employee. It has been held many times that the method of payment is but one of the factors in determining whether the relation of employer and employee exists. See, State Highway Commission v. Brewer, 196 Okl. 437, 165 P.2d 612. This truck being driven by claimant was owned by the employer and being delivered at special direction of and under the control of the owner for sale to a customer.

■ The two remaining propositions are that claimant was not engaged in hazardous employment at the time of the accidental injury and that the employer and insurance carrier are not liable because claimant was not insured. We are of the opinion and hold that the record discloses that employer was obligated to pay a premium and insurer was authorized to collect a premium based on the employees of the employer. The contract of insurance was not introduced in evidence but in each instance when the employer was asked if it was intended to insure all of the employees his answer was in the affirmative and the agent for the insurer stated that it was the intention of the policy to cover all employees of employer. In Hughes v. State Industrial Commission, Okl., 273 P.2d 450, and Barney U. Brown & Sons, Inc. v. Savage, 208 Okl. 668, 258 P.2d 183, in somewhat similar situations it was held the employee was covered by the contract of insurance. We hold that where the terms of the contract of insurance showed an obligation of the employer to pay the

premium on an employee and the employer admits that there would be a liability to pay and the insurer admits the right to collect the premium on the employee the court will assume there has been a compliance with such obligation and right. The insurer stated that at certain periods calculation was made on the employees of employer on which premiums would be paid and admitted the right to collect a premium based on the employment of claimant if claimant were an employee.

The holding above renders it unnecessary to determine whether or not the claimant's employment was hazardous. National Bank of Tulsa Bldg. v. Goldsmith, 204 Okl. 45, 226 P.2d 916.

Award sustained.

WILLIAMS, V. C. J., and JOHNSON, JACKSON and BERRY, JJ., concur.

DAVISON, C. J., and WELCH and IRWIN, JJ., dissent.