UNION MUTUAL INSURANCE COMPANY
and Iowa Mutual Insurance Company,
Petitioners,

v.

Benton HILL, and the State Industrial Court
of the State of Oklahoma,
Respondents.

No. 39069.

Supreme Court of Oklahoma.

Oct. 25, 1960.

J. A. O'Toole, Oklahoma City, for petitioners.

Dave K. Spradling, Kenneth C. Schwoerke, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

On June 3, 1959, Benton Hill, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed as a roofer and repairman for Union Mutual Insurance Company, hereinafter called employer, he sustained an accidental injury on April 23, 1959. An award was made for temporary disability and this proceeding is brought by the employer and its insurance carrier, Iowa Mutual Insurance Company, to review the award.

The record discloses that claimant was the foreman and adjuster for employer and

was employed as foreman on a construction and repair job for a school building near Hollis, Oklahoma, on the date in question. Employer had insured the school building and elected to repair same after it had rejected as too high the estimate submitted by the school board for consequent liability under its contract of insurance. Claimant was sent to superintend the incident construction and repair and while on the roof of the building during this construction and repair was injured. The cause and extent of the disability are not in dispute.

Petitioners first argue that claimant was an independent contractor. Claimant testified he negotiated with the school board as an adjuster but the claim submitted by them was in the neighborhood of $1,200. He and the employer concluded the building could be repaired for approximately $900 and the employer elected under the provisions of the contract with the school board to make its own repairs. Sam Battles, manager of employer, testified claimant was foreman and the manager left the details of the construction and repair to claimant. Claimant was paid by the employer as an employee and the entire conduct of the job discloses the operation of an employee rather than an independent contractor.

In Double-Cola Bottling Co. et al. v. Singletary et al., 185 Okl. 242, 91 P.2d 77, 78, it is stated:

"* * * In Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okl. 77, 19 P.2d 149; Barnsdall Ref. Co. v. State Industrial Commission, 163 Okl. 154, 21 P.2d 749, the court referred to six elements to be considered in determining whether a party is an employee or an independent contractor. Among these are the degree of control exercised by the employer, or the independence enjoyed by the contractor or agent; whether the party is to be paid by the job or is to receive a certain salary by the day, week or month; the control that is exercised over him in the method and manner of performing the work; and the nature of the contract, whether written or oral."

In State Highway Commission et al. v. Brewer et al., 196 Okl. 437, 165 P.2d 612, 614, it is stated:

"In determining whether the relation between a principal contractor and another engaged in work on the subject matter of the contract is that of master and servant or an independent contractor, the test is whether the principal contractor reserves the power to control the latter. Matherly v. Hamer, 174 Okl. 403, 50 P.2d 619; Fox v. Dunning, 124 Okl. 228, 255 P. 582; Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okl. 77, 19 P.2d 149; Kaw Boiler Works v. Frymyer, 100 Okl. 81, 227 P. 453, and 39 C.J. § 1518, page 1316–17, note 8."

In Yellow Cab Co. et al. v. Wills et al., 199 Okl. 272, 185 P.2d 689, we stated:

"In determining whether an agent is an employee or an independent contractor, the controlling or decisive test is whether the principal has the right to control the physical details of the work to be done by the agent, or whether the latter represents the former only as to the result to be accomplished."

The evidence discloses without substantial dispute that claimant was hired as an adjuster or foreman and as the foreman he obtained the material and secured his fellow employees at the direction of the manager of employer; that this was done on other occasions. Foreman is one of the terms ordinarily used to indicate a supervisory employee. Claimant was under the direction and control of the employer as such foreman. There was no error in the finding of the State Industrial Court that claimant was an employee.

Finally it is argued that it was error not to make the National Farmers Union Insurance Company a party to this proceeding. It appears this company also had a policy on the same building and contrib-

uted some amount to the construction and repair. No evidence is pointed out and we find none that this insurance carrier had anything to do with the hiring and direction of claimant and there is no evidence that claimant was hired by anyone other than the employer. The statement that National Farmers Union Insurance Company was a necessary party is without substantial merit.

Award sustained.