the plaintiffs no opportunity to mend their hold, and the technicality should not meet with favor now. If the city had tendered the award, without interest, on Monday, April 11, 1898, the defense would have been meritorious. But the city accepted the notice of claim and demand, retained it without objection, and delayed the payment of the award until November 14, 1898,—a period of over seven months,—having the use, in the meantime, of the plaintiffs' money; and interest is always regarded as an incident of principal wrongfully withheld. Under the peculiar circumstances, it must be held that the demand was a substantial compliance with the requirements of section 4, sufficient to start the running of interest from April 10, 1898, until November 10, 1898, when the principal sum was paid.

There must be judgment in favor of the plaintiffs.

---

(27 Misc. Rep. 538.)

### HAUSER et al. v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. May 24, 1899.)

MASTER AND SERVANT—INDEPENDENT CONTRACTOR—INJURIES TO THIRD PERSONS.

    A street-railway company which employs a contractor to make an improvement is not liable for injuries to third persons resulting from the negligence of a workman employed by the contractor.

Appeal from municipal court, borough of Manhattan, First district.

Action by Albert Hauser and another against the Metropolitan Street-Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
George H. Bruce, for respondents.

MacLEAN, J. This action was brought to recover for injuries done to a horse by falling through the earth between the pavement and a bridge placed over an opening in West Broadway, a public street in the city of New York, opened under a permit from the department of highways for railway improvements for the defendant company, for which a contractor did the work. For that injury, action does not lie against the defendant company, but only against the workman whose personal act or omission caused the damage, and against the contractor who selected and controlled him. As was observed by Littledale, J., in Laugher v. Pointer, 5 Barn. & C. 547, the workman was not the servant of the contractor and of the contractor's employer, for the law does not recognize a several liability in two principals who are unconnected. It is the "rule, in ascertaining who is liable for the acts of a wrongdoer, that you must look to the wrongdoer himself, or the first person in the ascending line, who is the employer and has control over the work. You cannot go further back, and make the employer of that person liable." Willes, J., in Murray v. Currie, 6 C. P. 24, 27. This is the doctrine stated in Blake v. Ferris, 5 N. Y. 48, which has been criticised for the applica-

tion, but not for the doctrine. The doctrine is probably older than the phrase "respondeat superior," used as the expression of a legal principle, or the maxim, "Qui facit per alium facit per se," said in high places to .have been "handed down from the Roman Code," but which may not easily be found in the Code of Justinian, who, however, elsewhere, regarding the action allowed against a person carrying on one of certain trades, for happenings upon his premises, but not through his personal fault, does say:

"Although the action be not established against him ex maleficio or ex contractu, yet, as he is in a way guilty of a fault, because he employed the services of bad people, he seems to be liable quasi ex maleficio. The action allowed in these cases is an action upon the fact, and it lies in favor of, but not against, the heir."

The judgment should be reversed, with costs.

Judgment reversed, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. LEVENTRITT, J., taking no part.

FREEDMAN, P. J. (concurring). The defendant company had procured a permit from the proper public authorities to open West Broadway for the purpose of making certain railway improvements, and consequently no part of said work necessarily done under such permission constituted a public nuisance, and the defendant can be held only for negligence. Upon that point the evidence is clear that the defendant let the work to independent contractors, that it did not interfere with them in the manner of the execution of the work, and that the injury to plaintiff's horse was occasioned by the manner in which the contractors managed the details of the work. If there was negligence in this, it was the negligence of the contractors, for which defendant is not liable or responsible. Blake v. Ferris, 5 N. Y. 48; Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957.

Judgment must therefore be reversed, and new trial ordered, with costs to appellant to abide the event.