## TANKERSLEY v. WEBSTER.

No. 15397—Opinion Filed June 16, 1925.

Rehearing Denied Feb. 23, 1926.

**1. Master and Servant—"Independent Contractor."**

An independent contractor is one who exercises an independent employment, contracts to do a piece of work according to his own method and without being subject to the control of his employer except as to the result of the work.

**2. Same—Question for Court Where Employment Contract in Writing.**

Where a contract of employment is in writing, it is the duty of the court to construe the contract and determine as a matter of law whether the relation created is that of employer and independent contractor or of master and servant.

**3. Same—Nonliability for Negligence of Independent Contractor—Injuries from Explosives.**

One who employs another to do a specific job, or piece of work, as an independent contractor, is not liable for injuries caused by the negligence of such contractor or his servants, unless the ordinary and proper mode of doing the work necessarily or naturally results in producing the injury complained of. Held, that when the injury complained of was the result of an explosion of a dynamite cap, found by plaintiff about the premises where the work of excavation was being done by the independent contractor, negligently left by the servants or employes of such contractor, the employer of the independent contractor was not liable.

**4. Appeal and Error—Improper Argument—Right to New Trial.**

Where counsel in argument to the jury makes a statement of a material fact, not in evidence, or makes any statement outside the record, calculated to prejudice the jury, over the objection of his adversary, he violates the right of a fair trial, and if the party aggrieved can show that any injury or substantial injustice has resulted thereby, or if the court believe that it is probable that the conduct complained of has resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, a new trial should be granted, but such conduct under the law of this jurisdiction does not entitle the party aggrieved to a new trial as a matter of right.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; James Hepburn, Judge.

Action by Joe Webster, by J. P. Pearson, next friend, against Dan Tankersley. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

A. F. Moss, L. G. Owen, and J. C. Farmer, for plaintiff in error.

Creekmore Wallace, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Creek county, Okla., by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, in the trial court, wherein the plaintiff, Joe Webster, by his next friend, sought to recover damages for an injury sustained by the said Joe Webster and alleged to be the result of the carelessness and negligence of the defendant, Dan Tankersley. The defendant in his answer sets up a general denial, and further avers that the injury and negligence complained of,

if any, were chargeable to the negligence of Joe Casey, who was an independent contractor. The facts alleged, and as disclosed by the record, show that the defendant, Dan Tankersley, as a contractor, had entered into a contract with the school board of Sapulpa to erect an addition to the school building, and that Tankersley had entered into a written contract with Joe Casey to do the excavating necessary in the erection and construction of said building, as follows:

"This agreement made this day above written by and between Dan Tankersley and Joe Casey, both of Sapulpa, Creek county, Okla.

"The said Joe Casey hereby agrees to do all of the cellar or basement excavation to be done in connection with the erection of the new junior high school building for the board of education of Sapulpa, Okla., all in accordance to the dimensions of the exterior wall lines and to a depth of four feet one inch from bottom of basement sill lines, all as dimensions as shown by drawings as prepared by Jewell Hicks, architect for said building.

"The said Joe Casey to do all the excavation and to remove all the excavated earth, concrete, debris, etc., from the premises caused by this work.

"For in consideration of the faithful performance of said work, the said Dan Tankersley agrees to pay to said Joe Casey the sum of $1,000 upon completion of the work and acceptance by said architect; no footing trenches included."

And this contract is the only evidence offered worthy of consideration which tends to show the relationship existing between Tankersley and Casey. One of the witnesses, an employe of Casey's, testified that Tankersley was frequently about the building, and engaged in conversation with Casey during the excavation work, but the evidence does not show the frequency of his visits nor the character of the conversation had between the defendant, Tankersley, and Joe Casey. It will be noted from the contract that Casey was to do the excavation work for a consideration of $1,000; that the excavation was to be done in accordance with the plans and specifications prepared by Jewell Hicks, the architect, evidently the employe of the school board; and that the consideration was to be paid to the said Joe Casey upon completion of the work, and acceptance of same by said architect, Jewell Hicks. There is nothing contained in the contract from which might be inferred that the defendant, Tankersley, reserved any right or authority to exercise any control in any manner over Casey in the

work of excavation, and we think this clearly constitutes the said Joe Casey an independent contractor.

The injury complained of by the plaintiff, Joe Webster, was the result of an explosion of a dynamite cap. The facts, as disclosed by the record, in this particular, show that the contractor, Casey, in making the excavation, used some dynamite caps to blow up some old foundations and walks, encountered in making the excavation, and that someone, the evidence does not disclose who, left some of the dynamite caps on or about the premises, and Joe Webster, together with some other boys, found a number of the caps, and the plaintiff, Webster, picked up one of the caps and carried same in his pocket for two or three days, and at the time the injury occurred was attempting to melt with a lighted match some lead attached to and constituting a part of the cap, which caused the explosion, resulting in seriously injuring the plaintiff's hand.

Upon the trial of the case to the court and jury a verdict was rendered for the plaintiff in the sum of $3,000, motion for new trial was filed and overruled, and judgment rendered in conformity to the verdict of the jury, from which order and judgment the appellant prosecutes this appeal, and assigns numerous specifications of error, but rests his right to a reversal of this judgment upon two grounds: First, that the said Joe Casey was an independent contractor; and, second, that counsel for plaintiff was guilty of misconduct which necessitates a reversal of this case by reason of having made certain statements in his opening argument to the jury.

As heretofore stated, we are of the opinion that the said Joe Casey was an independent contractor. In the case of Producers Lumber Co. et al. v. Butler et al., 87 Okla. 172, 209 Pac. 738, this court defines an independent contractor as follows:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own method and without being subject to the control of his employer except as to the result of the work"

—following the rule announced in Chicago, Rock Island & Pacific Ry. Co. v. Bennett, 36 Okla. 358, 128 Pac. 705; C., R. I. & P. Ry. v. Baum, 47 Okla. 161, 148 Pac. 103. In the case of C., R. I. & P. Ry. Co. v. Bennett, supra, this court announces the following rule:

"That the test is not whether the defendant did in fact control and direct plaintiff in his work, but is whether it had the right

under the contract of employment, taking into account the circumstances and situation of the parties, and the work, to so control and direct him in the work."

In the case at bar, under the terms of the contract, no right or authority was reserved on the part of the defendant, Tankersley, to supervise or control the work or direct the contractor, Casey, in anywise in the discharge of the work. His work, under the terms of the contract, was to be done according to the plans and specifications of the architect, Hicks, and was to be paid for, subject to the approval and acceptance of same by the architect, and there is no evidence of any character tending to show that Tankersley exercised any control or supervision or gave any directions concerning the work of excavation.

The plaintiff's reply was not verified and the contract of employment between Tankersley and Casey was admitted in evidence without objections, and we think conclusively shows that Casey was an independent contractor. This brings us to the question of whether or not this is a question to be determined by the jury as a matter of fact or is it a question of law for the determination of the court. This court has passed upon this question in the case of Gulf Coast & Santa Fe Ry. Co. v. Beasley, 67 Okla. 27, 168 Pac. 200, as follows:

"Where a contract is in writing, or the terms thereof are undisputed, even though resting in parol, or if but one inference can be drawn from the evidence, it is the duty of the court to construe the contract and determine as a matter of law whether the relation is that of employer and independent contractor, or master and servant." See Taylor on Evidence, sec. 43; Greenleaf, Evidence, sec. 227.

This rule has been substantially followed in a later case, that of Producers Lumber Company v. Butler, 87 Okla. 172, 209 Pac. 739.

At the close of the evidence in the case at bar the defendant, Tankersley, submitted the following requested instruction:

"You are instructed to return a verdict in favor of the defendant for the reason that Joe Casey was an independent contractor and that the contract and evidence so shows"

—which instruction was refused by the court, and exceptions taken and allowed. We are inclined to the opinion that the instruction requested should have been given, and that the action of the court on same constitutes reversible error. This holding necessarily determines the rights of the parties to this

controversy, unless there be merit in the further contention of the appellee to the effect that although the said Joe Casey be an independent contractor, that the character of the work, to wit, the excavation, delegated to him was of such nature as would prevent the defendant, Tankersley, from escaping or avoiding liability by reason of having delegated this duty to another, and he cites many authorities in support of this rule, among others. Drennen v. Jordan (Ala.) 23 A. L. R., pages 984 to 1135, where many authorities are cited, and in the notes, page 986, is the following:

"Where a person employs another to do work which does, or in the natural course of things will, involve or result in a duty on the employer, either towards the community or towards a third party, the employer cannot escape the responsibility for the performance of that duty by employing someone else to perform it, however competent such person may be, even though such person is an independent contractor, and has agreed to assume the whole responsibility."

This is a correct rule of law and has been applied in many instances by the courts of this country, but we do not regard it as applicable to the facts as disclosed by the record in the case at bar. In the case of Carlson v. Stocking et al. (Wis.) 65 N. W. 58, the third paragraph of the syllabus of the opinion announces the exception to this general rule:

"Where the performance of a specific job by an independent contractor in the ordinary mode of doing the work necessarily or naturally results in causing an injury, the employer is subject to the same liability to the injured person as the contractor."

But in the body of the opinion the court, after citing 16th Am. & Eng. Enc. Law, 471, says:

"This court has repeatedly held that the well established general rule is to the effect that where one person employs another to furnish the materials and do a specific job of work as an independent contractor, he does not thereby render himself liable for injuries caused by the sole negligence of such contractor or his servant; and that the well recognized exceptions to such general rule to the effect that where the performance of such contract, in the ordinary mode of doing the work, necessarily or naturally results in producing the defect or nuisance which caused the injury, then the employer is subject to the same liability to the injured party as the contractor."

This quotation seems to have been taken by the author from Hackett v. Telegraph Company, 80 Wis. 192, 49 N. W. 822, and

we think calls attention to the line of demarkation, or distinguishing marks, which guide us in the determination of this matter, and which clearly show that the case at bar does not come within any of the exceptions to the general rule.

The injury here complained of was not caused by, or the result of anything that was necessary to do, or naturally flowed from the work of excavation; it was the direct result of the negligence of some employe of the independent contractor in leaving the dynamite caps unguarded, which were found by plaintiff. The careless or negligent leaving of the dynamite caps about the premises had nothing to do with the proper discharge of the duties involved, and the labor to be performed in the excavation. We take it from the reading of many authorities on this point that if the facts in this case should have disclosed that at the time the contract was entered into by Tankersley and Casey for this excavation work, that if it had been known, and within the contemplation of the parties that blasting would be necessary and that dynamite or some other explosive would be necessarily and naturally used, and if the injury had been the result of an explosion caused by blasting, in carrying out the work of excavation, then the case might have come within the exceptions, and the defendant Tankersley, under such circumstances, having knowledge of the character of work that he was contracting or delegating to his subcontractor, would not be excused or permitted to avoid any liability as to the injuries received by reason of an explosion which he knew would necessarily take place, but in this case we do not feel that it can be said that the negligent leaving of a dynamite cap in an unguarded place has any connection with the necessary and proper manner of excavation, and could not have been foreseen or anticipated.

Citations from many authorities may be found on the question in 65 L. R. A. 620, notes. In the case of Salliotte v. King Bridge Co., 620, chapter 8 of notes, page 641:

"The employer is not liable where the injury was caused by 'the manner in which the contractor managed the details of the work.' Hauser v. Metropolitan Street R. Co., 58 N. Y. Supp. 286. * * *

"Acts which were 'unnecessary to the accomplishment of the work, and in no way connected with its proper performance' (Scammon v. Chicago [1861] 25 Ill. 424, 79 Am. Dec. 334); or which 'did not necessarily occur as an incident to the prosecution of the work' (Ibid.); or which did 'not necessarily arise' out of the work contracted for

(Chicago City R. Co. v. Hennessy [1884] 16 Ill. App. 153)"

The reasoning of these authorities clearly shows that the facts, as disclosed by the record, in this case will not justify the application of the rule contended for, and as heretofore stated, we think the case should be reversed for the reason that the said Joe Casey was an independent contractor, and that no liability attaches to the defendant, Tankersley.

It is unnecessary to pass on the second proposition urged by appellant, relative to the remarks of counsel in his opening statements to the jury, but in view of the importance of the question we briefly discuss same.

The remarks complained of were to the effect that counsel stated to the jury in his opening argument that the defendant would not be called upon to pay any judgment; that in all such cases contractors carried indemnity insurance. There was no evidence tending to establish such fact, and if any evidence had been offered it would have been incompetent, and this court has no disposition to condone such conduct; however, we do not regard it as necessitating or justifying the reversal of every case in which counsel or someone interested in the case may be guilty of some misconduct. This court has recently passed upon this question adversely to appellant's contention in the case of Letcher v. Skiver, 99 Okla. 269, 226 Pac. 1029, wherein the court announces the following rule:

"Where, in response to a proper question, a portion of the witness' answer is incompetent and irrelevant and such incompetent and irrelevant testimony is stricken by the court and the jury instructed to disregard the same, and it is not apparent from an examination of the whole record that the complaining party was prejudiced by such answer, no reversible error has been committed by the court's refusal to dismiss the jury and declare a mistrial."

The Letcher Case was an action for damages resulting from an auto accident, and the plaintiff, while on the stand, was asked to relate a conversation between her and the defendant while she was in the hospital in which the defendant said to the plaintiff that he wanted her cared for; that he carried insurance and that it would not cost him anything, or words to that effect. Counsel objected to that portion of the evidence referring to the insurance, and the jury was instructed by the court to disregard same, and there being no contention that the judgment was excessive, no prejudice having been shown to have resulted by reason of the statement, the court refused to reverse the case upon that ground.

A similar rule has been formerly announced in the case of the City of Shawnee v. Sparks, 26 Okla. 665, 110 Pac. 884, L. R. A. 1910D, page 1.

"Where counsel ,in argument, makes statement of a material fact not in evidence, against the objection of the other party, he violates the right of a fair trial, and where the trial judge fails to pass squarely upon the objection, and if sustained, fails to admonish the jury to disregard such statement as not in evidence, we must reverse, unless this court can ascertain from the record that no harm resulted."

The latter part of this syllabus states the correct rule, or the essence of the rule which should govern and determine matters of this character. We do not think it the province of appellate courts to reverse cases on account of misconduct, irregularities, and technical errors that more or less creep into the trial of every lawsuit. The court should have but one end and aim in view, and that to administer justice. and where the court can say, beyond reasonable doubt, that no prejudice or injustice has resulted to the aggrieved party by reason of the conduct complained of, reversal should not be granted; however, where such contentions are complained of and the court entertains a reasonable doubt as to the correctness of the judgment in any particular, the aggrieved party who has been thus improperly treated in the trial of his cause should be given the benefit of the doubt and granted a new trial, and the party who has been guilty of misconduct or the occasions of irregularities thus penalized, in that he be required to pay the cost of the litigation up to this stage, and required to retry the case in a proper manner; but in view of the fact that we are reversing this case on another ground, we deem a further discussion of this subject unnecessary, and recommend that this case be reversed, and judgment rendered in favor of the defendant for the reason that it is clearly apparent that in no event is the plaintiff entitled to recover against this defendant.

By the Court: It is so ordered.

Note.—See under (1) 26 Cyc. p. 970; anno. 65 L. R. A. 454, 456; 17 L. R. A. (N. S.) 371; 19 A. L. R. pp. 236, 253; 14 R. C. L. p. 67; 3 R. C. L. Supp. p. 164; 4 R. C. L. Supp. p. 869. (2) 26 Cyc. p. 1459. (3) 26 Cyc. pp. 1553, 1556; anno. 23 A. L. R. p. 984, et seq. (4) 29 Cyc. pp. 775, 776, 1009; anno. L. R. A. 1918D, p. 1, et seq.; 2 R. C. L. 420, 1 R. C. L. Supp. 530.