WORLD PUBLISHING CO. v. SMITH (two cases).

Nos. 31895, 31896. Sept. 18, 1945.

*161 P. 2d 861.*

Clayton B. Pierce, of Oklahoma City, for plaintiff in error.

Warren B. Kice and H. F. Mathis, both of Ada, for defendants in error.

RILEY, J. These actions were commenced on behalf of Leon Smith and W. O. Smith, Jr., minors, against the World Publishing Company, a corporation, to recover damages for personal injuries sustained by the minors in an automobile accident caused by the negligence of James C. McGhee, who plaintiffs sought to prove was the employee of defendant. The cases were consolidated for trial.

Leon Smith and W. O. Smith, Jr., were cousins and route carriers of newspapers in the city of Ada. They had been employed by McGhee in the fall of 1941. On the date of the accident, November 21, 1941, McGhee was a distributor of newspapers in said city and his relationship with the defendant was governed by the terms of written contract as modified by an oral agreement. The written contract was executed in September, 1941, and negotiated by Newspaper Printing Corporation, an agent of defendant. The terms and conditions of the written contract were substantially the same as the contract considered in Oklahoma Pub. Co. v. Greenlee, 150 Okla. 69, 300 P. 684, and upon which the merits of that action were determined. By the terms of this contract, McGhee agreed to perform the acts contemplated in the contract, or cause them to be performed, in such a manner as he alone should determine, at his own risk and expense, being responsible only for the result specified in the written instrument. It was agreed that his contractual status should be that of an independent contractor. The evidence showed that the World Publishing Company provided an office at Ada and paid the telephone cost. Likewise, a Mr. Baker, circulation manager of defendant, assisted in sales conferences. Under terms and conditions of the contract, newspapers in bundles were delivered f.o.b. Ada for distribution and sale.

Shortly after execution of the written contract, it was ascertained by the parties that train service at Ada was such that the bundles of newspapers arrived late and so, by oral agreement, the written contract was modified to the extent that McGhee, for a final consideration of $70, estimated to be the amount of extra cost, would, at his own expense and with such method and means as best suitable, making use of his own automobile, pick up bundles of the newspapers at Seminole and return them to Ada for distribution and sale. In proceeding to and returning from Seminole, McGhee selected his own route and determined which of the eight carriers of newspapers employed by him at Ada would accompany him.

On the morning of November 21, 1941, while enroute by automobile to Seminole, accompanied by Leon and W. O. Smith, Jr., when Salt creek was approached McGhee fell asleep while driving an automobile owned by him. The automobile ran into the bridge abutment and was hurled to the creek bed below. Plaintiffs were pinned beneath the car, with the result that each

of them sustained physical injuries and pain and suffering.

At the close of all the evidence, both plaintiffs and defendant moved for a directed verdict. Plaintiffs' motion was sustained and the jury was admonished to ascertain the amount of the verdicts. The judgments followed the verdicts, and defendant appeals.

There is nothing in the contract as modified, or in the evidence, to indicate that defendant in any manner attempted to direct, oversee, or take charge of the manner and method of the distribution of defendant's newspaper in the city of Ada, or in securing the bundles of newspapers at Seminole, but to the contrary, it appears therefrom that McGhee was at liberty to perform the conditions of his contract or to delegate the duties thereof to others. Specific provision was made in the contract for any person to act as his (McGhee's) substitute when he was unable to attend to his "route business or deliver his newspaper customers".

"An 'independent contractor' is one who engages to perform a certain service for another, according to his own manner and method, free from the control and direction of his employer in all matters connected with the performance of the service, except the result or product of the work." Southern Const. Co. v. State Industrial Com., 112 Okla. 248, 240 P. 613.

We find from the evidence it is virtually uncontradicted that McGhee contracted and acted as an independent contractor.

The general rule is that a principal who employs another to achieve a result, but who does not control or have right to control details of the other's physical movements, is not responsible for incidental negligence while such other is conducting such authorized transaction. Hurla v. Capper Publications, 149 Kan. 369, 87 P. 2d 552. In Batt v. San Diego Sun Pub. Co., 21 Cal. App. 2d 429, 69 P. 2d 216, the California court held that a contract similar in many respects to the one under consideration created the relationship of independent contractor and contractee between newspaper carriers and the publisher. See, also, Greening v. Gazette Printing Co., 108 Mont. 158, 88 P. 2d 862.

In Fairmont Creamery Co. v. Carsten, 175 Okla. 592, 55 P. 2d 757, this court adhered to the rule that where the evidence is undisputed the question of whether the relationship of the parties is that of independent contractor and contractee, or employer and employee, is one of law. In the same case the rule was stated that:

"The doctrine of respondeat superior applies only when the relationship of master and servant is shown to exist at the time and in the respect to the very transaction out of which the injury arose."

It is not established that plaintiffs occupied any contractual relationship with defendant; their sole employment at the time of the accident was with the independent contractor, McGhee. The plaintiffs occupied with defendant the position of third parties. Whatever obligation might be imposed by the written contract as modified, as to the parties to the contract, the relation of third parties could not depend solely upon the written contract, but would spring from the relation itself. Thus, if one is injured by the servant of another, it is immaterial to him what the terms of the agreement between employer and employee might be. Liability, under the doctrine of respondeat superior, arises from the fact that the employer exercises control over the actions of a person in his employment. The injured third party may, if he can, show that the necessary degree of control to constitute a master-servant relationship existed even though the contract between the parties to it did not reveal that such control was contemplated. Greening v. Gazette Printing Co., supra. There was no testimony to show the necessary control exercised over McGhee by defendant under his contractual relationship, and there was no

showing of any exercise of control on the day of the accident. Had such a showing been made, the question of relationship at the time of the injuries should properly have been submitted to the jury despite the motions for directed verdict. United States Casualty Co. v. Jackson, 173 Okla. 60, 46 P. 2d 939; Atlas Life Ins. Co. v. Holt, 178 Okla. 28, 61 P. 2d 719. But since no such showing was made, the relationship must be determined from the contract itself and the matter then becomes one of law for the court to decide. Pressley v. Inc. Town of Sallisaw, 54 Okla. 747, 154 P. 660; City of Muskogee v. McMurry, 155 Okla. 203, 8 P. 2d 670; Tankersley v. Webster, 116 Okla. 208, 243 P. 745. Those rendering service but retaining control over the manner of doing it are not servants. Restatement of the Law of Agency, p. 485. It necessarily follows that the judgments must be, and the same are, reversed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.