JACKSON v. STATE INDUSTRIAL COMMISSION et al.

No. 35330. July 8, 1952.

Rehearing Denied July 29, 1952.

*246 P. 2d 742.*

Herbert K. Hyde and Lee Williams, Oklahoma City, for petitioner.

Pat Brogan, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. The original action was brought by petitioner to review an award made to claimant who sustained an accidental injury on July 16, 1951, while driving a taxicab. The cause and extent of the disability are not at issue in this proceeding.

The sole contention made by petitioner is that claimant was not an employee but an independent contractor. This is a jurisdictional question and this court will make an independent review of the evidence to determine whether or not the relation of employer and employee existed. Williams et al. v. Branum et al., 192 Okla. 129, 134 P. 2d 352.

Claimant, who owned his own car, operated the same under an agreement with petitioner. Most, if not all, of the general terms of the agreement are incorporated in a written contract with petitioner as one party and the Taxicab Drivers' Union as the other party.

Claimant worked from 4:30 in the afternoon until 4:30 in the morning. He would go to the office of the cab company and check in before going to work and return to the office and check out at the end of the work period, leaving his car on the lot as required by the rules of the company. A dispatcher furnished him information as to when he was to receive a passenger. He was required to buy all gasoline and oil from petitioner. He could be discharged, but only on conditions set forth in the contract with the Union.

In Yellow Cab Co. et al., v. Wills et al., 199 Okla. 272, 185 P. 2d 689, in considering a working agreement in many respects identical with the one under consideration in this case, it is stated:

"Examination of the operating agreement between the parties, which agreement is set forth in full in the record, discloses that claimant as the owner of his own car, while operating it as one of the Company's fleet of cabs, was required to choose the shift on which he would work and remain on that shift for at least 90 days; that he must begin work and quit work at certain hours; that he could not buy his gasoline from any one but the Company; that he could not replace his car without permission of the Company; that he was required to telephone the Company dispatcher every two hours, and take calls as directed by such dispatcher, except that he was not required to take calls where no proper address was given; that he was required to leave his cab in the Company garage at night; that he was entitled to a leave of absence once a year, but if he desired to take that leave at a time when at least 25 percent of the Company's drivers were already on leave the Company could refuse to grant it, and that the Company could discharge or suspend him for cause."

Petitioner argues that there is a great difference in the two contracts in Yellow Cab Co. v. Wills, supra, and the case under consideration. We do not agree. Petitioner has furnished a table of comparison between the contract re-

ferred to above in Yellow Cab Co. v. Wills, supra, and the present case. We find no essential legal distinction in the two contracts. We think it is necessary to point out, however, one difference between the analysis made by the petitioner in comparison of the two contracts and the facts. Petitioner states that claimant could take his car anywhere he wished after he had completed his work. Claimant testified and petitioner admitted in his evidence that it was required that claimant leave his automobile on the lots.

In Jones, Collector of Internal Revenue, v. Goodson et al., 121 F. 2d 176, there was involved a working agreement very similar to that in the case at bar. In determining the question of master and servant it is stated:

"Where taxicab operating company had right to determine whether driver should work on the day or night shift, to determine which cab he should drive if he operated company owned cabs, to require that company's insignia and telephone number be placed on cabs individually owned and operated under agreement between company and union, to require that drivers purchase gasoline and oil from company, to require that drivers operate only within city limits, telephone main office hourly, maintain good record for accidents, and be courteous and presentable in appearance, to discharge drivers for violation of requirements and to promulgate rules governing drivers, 'master and servant' relationship, rather than master and 'independent contractor' relationship, existed between company and drivers, so that company was liable for social security taxes."

In Yellow Cab Co. v. Wills, supra, it is stated:

"In the cases relied upon by petitioner the right of the employer to control the work, if he had such right, extended only to matters such as the place at which trucks were to be loaded or unloaded, or to some similar minor detail, leaving the employee free to do the work in any manner he chose. In the instant case the right of the claimant to do the work in his own way was in the respects above specified, and in other respects, subject to control of the Company, there being no substantial distinction between the operation by claimant of his own car as one of the Company's fleet of cabs, and the operation of a Company owned car by one of its drivers. * * *"

The finding of the State Industrial Commission that the relationship of employer and employee existed is amply sustained by the evidence.

Award sustained.

HALLEY, V. C. J., and GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. O'NEAL, J., dissents.