CITY OF TULSA, a municipal corporation, and Charles H. Clark, Plaintiffs in Error,

v.

Edna L. HODGE, Defendant in Error.

No. 36753.

Supreme Court of Oklahoma.

Jan. 31, 1956.

Rucker, Tabor & Cox, by Gurney Cox, Tulsa, for plaintiff in error, Charles Clark.

T. A. Landrith, Jr., City Atty., Tulsa, by John W. Hager, Tulsa, for plaintiff in error, City of Tulsa.

Elton B. Hunt, W. L. Eagleton, James R. Eagleton and Jack I. Gaither, Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by Edna L. Hodge, hereinafter referred to as plaintiff, against the City of Tulsa, Charles H. Clark and Robert W. Hodge for damages allegedly sustained as a result of an automobile collision. Upon trial of the action the jury returned a verdict for plaintiff against the defendants City of Tulsa and Charles H. Clark and judgment was rendered thereon from which said defendants have perfected this appeal.

The factual situation involved may be briefly stated as follows: on January 9, 1953, shortly after 9:00 p. m., plaintiff was riding as a passenger in an automobile driven by Robert W. Hodge, proceeding in a southerly direction upon Yale avenue in the City of Tulsa, when such automobile struck a truck owned by the City of Tulsa, which had allegedly been improperly parked by defendant Clark on the west side of the street headed south. The truck in question was a dump-bed truck parked without lights or other signals indicating its presence and standing unattended, allegedly with the rear wheels several feet away from the curb. The evidence revealed that the reflectors on the rear of the truck were covered with asphalt and did not reflect light. As a result of the collision, plaintiff sustained certain personal injuries for which she seeks damages.

As their first proposition of error defendants assert that the cleaning of streets by a municipality is a governmental function and the municipality is not liable for the negligent acts of its servants while they are engaged in such function. Such is the law in this jurisdiction. City of Tulsa v. Wheetley, 187 Okl. 155, 101 P.2d 834. It is undisputed that defendant Clark was employed and engaged in the activity of cleaning the streets at the time of the collision and that it was he who had driven the truck to the place at which the collision occurred and parked it there and turned off the lights. Plaintiff, however, did not attempt to impose liability upon the City of Tulsa for any negligence in the operation or use of the truck by defendant Clark, nor did the trial court. The basis of the alleged liability of the City of Tulsa was negligence in maintenance of the truck with defective reflectors, an act of negligence allegedly committed by agents of the city in its corporate or proprietary function of operating a garage and repair shop. In that regard the trial court quite properly instructed the jury, in Instruction No. 12, as follows:

"No. 12. You are instructed that in the cleaning of its streets the City of Tulsa acts in a governmental capacity and is not liable for any acts of negligence of its servants while engaged in the cleaning of said streets and the negligence of Clark, if any, in the manner of parking the truck cannot be negligence on the part of the defendant City, but in this connection, you are instructed that if the truck, when furnished to the defendant Clark by the City for use in cleaning said streets was in a condition so that the reflectors on the rear of said truck were so covered with some dark substance that said reflectors would not reflect the light from a car approaching from the rear, then and in such event, the City would be guilty of negligence in furnishing the truck so equipped and if you find from a pre-

ponderance of the evidence that said truck was so furnished to the defendant Clark and that the failure of said reflectors to reflect the light of the car of Hodges as it approached from the rear contributed to the proximate cause of the collision, and that the plaintiff was free from contributory negligence, then and in such event your verdict should be against the defendant City."

The trial court therefore instructed the jury that the City was not liable for the negligent acts of its servants engaged in cleaning the streets and submitted the case to the jury, so far as the city was concerned, solely upon the question of the alleged negligence on the part of the city in furnishing a truck in a defective state of repair or maintenance.

■ Defendants state in their brief that the real question to be determined under this proposition is: "Where a municipality operates a garage for the care and maintenance of its vehicles (an activity proprietary in nature), and assuming that such municipality allows a vehicle to leave its garage in a negligent condition which negligence later contributes to an accident occurring while such vehicle is being used in a governmental activity; in such an event, is the municipality liable in damages to one who is injured in such accident?" We answer such question in the affirmative, since we have already so held in Oklahoma City v. Foster, 118 Okl. 120, 247 P. 80, 47 A.L.R. 822; City of Oklahoma City v. Haggard, 170 Okl. 477, 41 P.2d 109, and Oklahoma City v. Richardson, 180 Okl. 314, 69 P.2d 334.

Defendant City contends that the proprietary function of operating the garage, where it negligently failed to maintain and equip the truck, is merely incidental to the use of the truck, and therefore no liability should be imposed therefor. However, we held to the contrary in the Foster, Haggard and Richardson cases, supra.

■ As their second proposition, defendants contend that the verdict is contrary to the law and the evidence. As the basis for this proposition defendants argue that there is no evidence that the condition of the truck which contributed to the accident was caused by the City in connection with its operation of its garage. We do not agree.

The evidence reveals that the City of Tulsa maintains a garage for the purpose of serving and maintaining its vehicles. Defendant Clark was employed by the Street Department of the City of Tulsa as a "flusher driver." When the weather permitted the use of water in cleaning the streets, Clark's duties consisted of driving the "flusher" truck. On nights when the weather was such as to make the use of water on the streets impractical, Clark was instructed to report to the city garage and request the assignment of a truck which Clark would then use to transport himself and his crew, together with their equipment, to the place where the streets were to be cleaned. Such truck might also be used to haul away the sweepings, if necessary. On the night of the collision in question, Clark went to the garage and requested a truck in accordance with his instructions. A mechanic at the garage assigned Clark the truck which was later involved in the collision. Clark drove the truck directly from the garage to the place where the collision occurred, where he parked it and got out and proceeded to engage in sweeping the street. The truck so assigned was a dump truck which was used during the day for hauling asphalt. The rear surface of the truck, including the reflectors affixed thereto, was shown to have been in an asphalt-coated condition at the time of the collision. The only possible conclusion from such a state of facts is that the asphalt was on the rear of the truck when the same was delivered to Clark. The jury was therefore justified in concluding that the City's truck had been furnished to Clark in a faulty state of repair or maintenance.

As their last proposition, defendants contend that the trial court erred in overruling defendant Clark's motion for mistrial on the ground of improper argument and conduct of plaintiff's counsel and in overruling the motion for new trial based on the same ground.

The arguments of counsel to the jury were not recorded by the reporter. The record before us does reveal that after the arguments to the jury had been completed, the following transpired:

"Mr. Cox: Comes now the defendant Charles Clark and moves for a mistrial on the ground of improper argument, improper closing argument of plaintiff's counsel, by clearly, in his argument, attempting to inject insurance in this case, when there was no reason, from defendants' counsel's argument, to elicit such argument, when he stated, 'Give us judgment against Clark and we will worry about collecting it, and we will collect it.'

"The Court: He said further, I believe he said it would not hurt him.

"Mr. Cox: Further, 'That you don't have to worry about him, because he won't be hurt.'

"The Court: Very well, at this time, I will overrule it.

"Mr. Cox: Exception."

██ It should first be noted that the defendant City of Tulsa did not object or except to the remarks attributed to plaintiff's counsel, and did not move for a mistrial. Such defendant is therefore in no position to make complaint with reference to the alleged improper argument.

██ Defendant Clark did not object or except to counsel's remarks when made, but did move for a mistrial after the argument was completed and excepted to the court's ruling on such motion. No request was made by either defendant that the jury be admonished to disregard the allegedly improper argument, and the failure of the court to so admonish the jury will therefore not constitute error requiring reversal. Midland Valley R. Co. v. Larson, 41 Okl. 360, 138 P. 173.

██ Defendants do not challenge the sufficiency of the evidence to support the judgment against Clark, nor do they attack the verdict as being excessive in amount. It is therefore difficult to see wherein defendants were materially prejudiced by the allegedly improper remarks of counsel for plaintiff. In the fourth paragraph of the syllabus in the case of Safe-Way Cab Service Co. v. Gadberry, 180 Okl. 51, 67 P.2d 434, 435, this court said:

"Misconduct of counsel in argument must result in manifest error to work a reversal of the cause."

and in the second paragraph of the syllabus in Clanton v. Mundell, 174 Okl. 428, 51 P.2d 760, we said:

"In order for alleged misconduct of counsel in argument to the jury to effect a reversal of a judgment, it must appear that substantial prejudice resulted therefrom and that the jury was influenced thereby, to the material detriment of the party complaining."

Defendants cite Tankersley v. Webster, 116 Okl. 208, 243 P. 745, and argue that if the court cannot say beyond any reasonable doubt that no prejudice or injustice has resulted to the aggrieved party by reason of the conduct complained of, reversal should be granted. Such was not the holding of this court in Tankersley v. Webster, supra, however, as in the fourth paragraph of the syllabus in that case we said that if the party aggrieved can show that any injury or substantial injustice has resulted thereby, or if the court believe that it is probable that the conduct complained of has resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, a new trial should be granted, but such conduct under the law of this jurisdiction does not entitle the party aggrieved to a new trial as a matter of right.

Defendants do not show that any injury or substantial injustice has resulted from the alleged improper argument and the trial court was apparently of the opinion that no miscarriage of justice or substantial prejudice resulted therefrom.

While we do not approve the remarks allegedly made by counsel, we are of the opinion that no miscarriage of justice or substantial prejudice resulted therefrom.

The judgment is affirmed.