**Ralph E. YOUNG, Petitioner,**

v.

**BARBOUR TRUCKING CO. and the Workers' Compensation Court, Respondents.**

**No. 80869.**

Court of Appeals of Oklahoma, Division 1.

May 18, 1993.

Certiorari Denied July 13, 1993.

W.E. Sparks, Tulsa, for petitioner.

David E. Strecker, Leslie C. Rinn, Tulsa, for respondents.

### MEMORANDUM OPINION

JONES, Judge:

Petitioner, Ralph E. Young, requests review of an order of a Three Judge Panel of the Workers' Compensation Court denying benefits due to Petitioners' owner-operator status. While operating his truck for Respondent on June 16, 1991, Petitioner ruptured his colon by lifting a large heat exchanger. He filed a Form 3 on October 7, 1991, alleging accidental injury to the stomach and colon. A hearing was held before the Workers' Compensation Court on October 20, 1992, and the claim was denied. A Three Judge Panel sustained the Court's ruling.

On petition for review to this Court, Petitioner claims he is not an owner-operator

because of the language used in the Leasing Agreement.[1] However, the Workers' Compensation Act is controlling in this case and expressly excludes an owner-operator from workers' compensation coverage:

> ... "Employee" shall not include a person, commonly referred to as an owner-operator, who owns or leases a truck-tractor or truck for hire, if the owner-operator actually operates the truck-tractor or truck and if the person contracting with the owner-operator is not the lessor of the truck tractor or truck. Provided however, an owner-operator shall not be precluded from workers' compensation coverage under the Workers' Compensation Act if the owner-operator elects to participate as a sole proprietor.

85 O.S.Supp.1992 § 3(4). The language of the statute is clear and unambiguous, leaving no room for construction to fabricate a different meaning. *Anschutz v. Sanders*, 734 P.2d 1290 (Okl.1987). Petitioner testified at trial that he was the owner of the truck and that he actually operated it. Furthermore, it is clear that Respondent was not the lessor of the truck; and, there is no indication that Petitioner made an election under the Act to participate as a sole proprietor. Petitioner is therefore an owner-operator within the meaning of the statute and is excluded from coverage.

Prior to the amendment of § 3, the Workers' Compensation Court classified truckers for hire as either independent contractors or employees, according to the specific facts of each case.[2] By enacting the amendment, the Legislature intended to remove the owner-operator from coverage under the Workers' Compensation Act. The Court in *Mahan v. NTC of America*, 832 P.2d 805 (Okl.1992) considered the question of whether the truck owner was an "employee" protected by the Act or an independent contractor. However, the *Mahan* Court made it clear the independent

---

1. Petitioner also alleges the trial court erred by not finding the Respondent breached its contractual obligation to provide workers' compensation insurance. However, this is not an issue to be decided by the Workers' Compensation Court.

2. See e.g. *Jackson v. State Industrial Commission*, 246 P.2d 742, 207 Okl. 28 (Okl.1952) (Own-

er of cab was an "employee"); *Ron–Jon Co., Inc. v. Pinson*, 555 P.2d 1014 (Okl.1931) (Truck owner was independent contractor); *Wills v. Ellsworth Motor Freightlines, Inc.*, 770 P.2d 565 (Okl.1989) (Truck owner who was injured prior to the amendment was independent contractor and not employee.)

contractor exclusion was used only because the claimant was injured *prior* to the amendment. The amendment specifically excludes from the definition of "employee" any "person, commonly referred to as an owner-operator, who owns or leases a truck tractor or truck for hire, if the owner-operator actually operates the truck-tractor or truck and if the person contracting with the owner-operator is not the lessor of the truck-tractor or truck." 832 P.2d at 806, n. 1.

The facts in the instant case occurred in 1991, after the enactment of the amendment. Because Petitioner conforms to the description of an owner-operator, there is no need to analyze the facts relating to his independent contractor-employee status. Petitioner is an owner-operator within the meaning of 85 O.S.1992 Supp. § 3(4), and therefore is not covered by the Workers' Compensation Act. The trial court did not err in denying benefits.

SUSTAINED.

ADAMS, P.J., and GARRETT, J., concur.