2004 OK CIV APP 84

**JARBOE SALES COMPANY, and Oklahoma Property & Casualty Guaranty Fund (NLC), Petitioners,**

v.

**Jerry Robert ROWLAND, and the Workers' Compensation Court, Respondents.**

No. 99,821.

Court of Civil Appeals of Oklahoma, Division No. 2.

April 27, 2004.

Rehearing Denied June 7, 2004.

Certiorari Denied Sept. 27, 2004.

John B. Ballard, II, Ballard & Berkotwitz, Oklahoma City, OK, for Petitioners.

Anne Livingston, Midwest City, OK, for Respondents.

Opinion by TOM COLBERT, Chief Judge.

¶ 1 Jarboe Sales Company seeks this Court's review of a decision by a three-judge panel of the workers' compensation court affirming the trial court's award of temporary total disability benefits to Claimant, Jerry Rowland. The issue on review is whether the panel erred in finding Claimant an employee of Jarboe covered by the Workers' Compensation Act (hereinafter, the "Act"). We conclude that it did not err and sustain its order.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Claimant, a truck driver, filed a form 3 on August 1, 2001, claiming he injured his back, neck, and left wrist while working on February 27, 2001. Claimant named Jarboe as his employer. Jarboe filed a form 10 on September 17, 2001, admitting that Claimant is its employee and that he is covered by the Act, but denying injury pending further investigation. Jarboe filed an amended form 10 on November 15, 2001, again admitting that Claimant is an employee and is covered by the Act. On March 18, 2003, Jarboe filed another amended form 10, but this time it denied that Claimant is an employee, that he is covered by the Act, or that he sustained an accidental injury arising out of and in the course of his employment. Jarboe alleged that no employer-employee relationship existed because Claimant is an owner-operator of the truck and trailer he was operating at the time of the accident.

¶ 3 At a hearing on May 22, 2003, Claimant testified that he has been employed by Jarboe, a liquor distributor located in Tulsa, for sixteen years. He stated that he performs sales and delivery of alcoholic beverages in the southeastern part of Oklahoma. He testified that he receives a monthly expense check from Jarboe for $2,000 plus commissions. On the day of the accident, he was on his delivery route when he was hit from behind by a log truck. The injury to his neck will require surgery.

¶ 4 Claimant testified that he has "run" the same assigned route for sixteen years. Customers on his route call in their orders to Jarboe, which sends the fulfilled orders to Claimant on a truck along with the invoices. Claimant and his father load the orders on their truck for delivery to the customers. Claimant also collects payment from the customers, whose checks are payable to Jarboe.

¶ 5 Since his injury, Claimant has hired drivers to cover his route. He pays the current driver $1,600 per month. Jarboe pays Claimant $2,670 per month, representing a $670 increase to offset his cost of paying for the driver. Claimant testified that he has been able to go in about once a week and take care of the customers if they need something, but he cannot do any physical labor.

¶ 6 Claimant also introduced a document entitled "Owner–Operator Vehicle Lease." The document, signed by Claimant and a representative of J.S.C. Trucking, Inc., provides that Claimant leased two trucks to J.S.C. The lease was entered "for the purposes of fulfilling contracts" between J.S.C. and Jarboe. The document also provides the following: "As consideration for this Lease, Lessee agrees to pay unto [Claimant] on the first day of each month during the term hereof, a sum to be calculated on the number of days and/or miles the leased vehicle is driven in accordance with a separate agreement between the parties, which is incorporated herein by reference." Claimant testified that he signs a new lease with J.S.C. every year and that the lease is "just a legal formality to where I can run under their permits."

¶ 7 Claimant testified that Jarboe pays half of his health insurance. He also maintains insurance on his trucks through Jarboe for which it deducts the premiums from his check every month. Claimant also presented a document showing that he participated in the company's FlexPlan. He testified that he participates in the same employee benefits program as Jarboe's other employees. He also testified that Jarboe withholds taxes from his check. Finally, Claimant offered the medical report of Laurence H. Altshuler, M.D., who concluded that Claimant is temporarily totally disabled.

¶ 8 Jarboe did not call any witnesses to testify at the hearing and did not offer any medical evidence concerning Claimant's injury.

¶ 9 The trial court noted in its order that it had reviewed the "Owner–Operator vehicle lease." However, it concluded that Claimant was an employee of Jarboe at the time of the accident and was subject to, and covered by, the Act. It further found that Claimant sustained an accidental personal injury to the neck arising out of and in the course of his employment and awarded benefits to Claimant for temporary total disability and medical treatment, including surgery.

¶ 10 Jarboe appealed to the court en banc. The three-judge panel affirmed the decision of the trial court, finding that it was not against the clear weight of the evidence or contrary to law. Jarboe now seeks this Court's review.

## STANDARDS OF REVIEW

¶ 11 The workers' compensation court has jurisdiction only if an employer-employee relationship exists. *Macsuga v. Moreno*, 2003 OK 24, ¶ 6, 66 P.3d 409, 411. If an issue arises over the existence of an employer-employee relationship, we do not accept as conclusive the findings of the workers' compensation court. *Id.* Instead, we must "weigh the evidence contained in the record and independently evaluate law and facts to determine the existence or absence of the relationship." *Id.*

¶ 12 The court's determination that Claimant is temporarily totally disabled is a

finding of fact, which we review using the any-competent-evidence standard. *See Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶ 2, 684 P.2d 548, 549. "[O]ur responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies but *only* for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence." *Id.* at ¶ 12, 684 P.2d at 552.

## ANALYSIS

■ ¶ 13 Jarboe argues on appeal that Claimant is not its employee and is not covered by the Workers' Compensation Act. 85 O.S.2001 & Supp.2003 §§ 1–211. It asserts that Claimant is an owner-operator and is specifically excluded by the Act. An employee, for the purposes of the Act, does not include:

> a person, commonly referred to as an owner-operator, who owns or leases a truck-tractor or truck for hire, if the owner-operator actually operates the truck-tractor or truck and if the person contracting with the owner-operator is not the lessor of the truck-tractor or truck. Provided however, an owner-operator shall not be precluded from workers' compensation coverage under the Workers' Compensation Act if the owner-operator elects to participate as a sole proprietor.

85 O.S. Supp.2000 § 3(6) (in effect at the time of Claimant's injury).

¶ 14 Obviously, this issue is not as clear-cut as asserted by Jarboe. Jarboe twice admitted that Claimant is its employee and is covered by the Act. It waited approximately eighteen months to amend its answer to deny that Claimant is its employee.

¶ 15 The language excluding owner-operators from the Act "is clear and unambiguous, leaving no room for construction to fabricate a different meaning." *Young v. Barbour Trucking Co.*, 1993 OK CIV APP 101, ¶ 3, 856 P.2d 599, 600. We conclude that the exclusionary language does not apply to Claimant. First, although Claimant uses the truck to make deliveries, there is no indication that his truck, or truck and trailer, are "for hire." Claimant transports Jarboe's products on his truck, but he also performs other tasks for Jarboe. The undisputed testimony at the hearing was that Claimant conducts sales for Jarboe and performs customer service duties. Claimant is also paid a commission based on sales. He does not serve merely as a driver.

■ ¶ 16 Claimant is not an owner-operator as contemplated by section 3(6), but our inquiry does not end there. We must weigh the evidence in the record to determine if an employer-employee relationship otherwise existed between Jarboe and Claimant. Section 3(6) defines an employee as follows:

> any person engaged in the employment of any person, firm, limited liability company or corporation covered by the terms of the Workers' Compensation Act, and shall include workers associating themselves together under an agreement for the performance of a particular piece of work, in which event such persons so associating themselves together shall be deemed employees of the person having the work executed; provided, that if such associated workers shall employ a worker in the execution of such contract, then as to such employed worker, both the associated employees and the principal employer shall at once become subject to the provisions of the Workers' Compensation Act relating to independent contractors.

Under this definition, Claimant is either an employee or independent contractor.

¶ 17 The Supreme Court has detailed numerous factors to consider in determining whether an individual is an employee or an independent contractor, including the degree of control the employer exercises over the details of the work, the length of time the person has been employed, "the method of payment, whether by the time or by the job," and whether the work is a part of the employer's regular business. *See e.g., Duncan v. Powers Imports*, 1994 OK 126, n. 1, 884 P.2d 854.

¶ 18 Here, Claimant testified that his delivery and sales route is determined by Jarboe, the inventory to be delivered is controlled by Jarboe, and the checks from customers are payable to Jarboe. Claimant has worked for

the company for over sixteen years and is paid expense money, plus a sales commission. The work done by Claimant is part of Jarboe's regular business as a liquor distributor. Moreover, Jarboe pays a portion of Claimant's health benefits and Claimant participates in other employee benefits programs offered by Jarboe. Finally, Jarboe withholds taxes from Claimant's paycheck. We find that Claimant is an employee of Jarboe and is covered by the Act.

¶ 19 Jarboe also asserts that the lower court erred in awarding temporary total disability while Claimant continued to work. However, Claimant testified that he hires a driver to cover his route and that he can do no physical labor, although he does some "PR work" and inquires as to whether his customers need anything. He also testified that some weeks he cannot do any of these activities. From Claimant's testimony, there is no indication that he continues to "work" in any traditional sense. The sum of his testimony was that he can no longer do the job he was doing before the injury. Moreover, Claimant offered medical evidence that he is temporarily totally disabled. Jarboe offered no evidence that Claimant is not totally incapacitated to perform his work. Therefore, the court's determination that Claimant is temporarily totally disabled is supported by competent evidence.

## CONCLUSION

¶ 20 We find that Claimant is covered by the Act because he is Jarboe's employee. We further find that there is competent evidence that Claimant is temporarily totally disabled. Therefore, we sustain the decision of the three-judge panel.

¶ 21 SUSTAINED.

REIF, P.J., and RAPP, J., concur.